## WICHITA COUNTY et al. v. VANCE.
### No. 15019.

Court of Civil Appeals of Texas.
Fort Worth.
Feb. 4, 1949.

Rehearing Denied Feb. 25, 1949.

McDonald & Anderson and Geo. W. Anderson, all of Wichita Falls, for appellants.

John Davenport, Allen, Locke & Kouri and Z. D. Allen, all of Wichita Falls, for appellee.

HALL, Justice.

On the 5th day of January, 1949, Judge of the 78th District Court of Wichita County, Texas entered an order granting a temporary injunction in favor of Hammett Vance, Sheriff of said County, restraining the Commissioners' Court of said County from interfering with the way and manner he was, as sheriff, operating the kitchen of the jail. Such order in part reads as follows:

" 'It is the opinion of the Court that the Sheriff, as the keeper of the jail, has control of the jail, including the kitchen. The Sheriff has control over the duties of the Cook. The employment of a Cook should be made only with the approval of the Commissioners Court, and expenditures made in the kitchen for food, and control of food on hand, should be made in the way and manner prescribed by the Commissioners Court. The Sheriff should have access and control of the kitchen as well as other parts of the jail. It is the further opinion of the Court that the Sheriff has the general care and is charged with the responsibility of preserving the peace and the property in the courthouse, under the statutes of this State, and, therefore, he should have free access to the jury rooms

as well as other portions of the building. However, it is the opinion of the Court that the Commissioners Court has the authority to regulate the use of the jury rooms, as well as any other portions of the courthouse, and that the Sheriff should obey such regulations or instructions made by the Commissioners Court.

> "'/s/ Temple Shell
> "'Presiding Judge'.

"It Is Therefore, Ordered, Adjudged and Decreed by the Court that the Clerk of this Court issue a temporary writ of injunction pending final hearing and determination of this cause, restraining and enjoining the Defendants, Wichita County and Members of the Commissioners Court, and each of them from interfering with the Plaintiff's operation of the jail, and from interfering with the Plaintiff's supervision of the jail kitchen and the jail cook, subject to the right of the Commissioners Court to purchase the food and supplies for the jail kitchen and to prescribe the way or manner in which food and supplies for the kitchen are controlled.

"It Is Further Ordered, Adjudged and Decreed by the Court that the Defendants, Wichita County and Members of the Commissioners Court, and each of them be temporarily enjoined from interfering with Plaintiff's access to the courthouse, including the jury rooms, subject, however, to the right of the Commissioners Court to regulate the use of the jury rooms as well as other portions of the courthouse.

"It Is Further Ordered, Adjudged and Decreed by the Court that this temporary injunction remain in full force and effect until this cause is heard on its merits."

From such temporary injunction the County, through its Commissioners' Court, perfected this appeal.

■ The law is well settled, as stated in 24 Tex.Jur., p. 121, that granting or denial of a temporary injunction is within discretion of the trial court, provided said temporary writ is for the purpose to preserve the status quo and such trial court's action will not be disturbed on appeal unless there is an abuse of discretion.

■ It seems that parties to this appeal may have treated the hearing on said temporary writ of injunction as though it was a hearing on the merits, yet the trial court specifically had in mind that the hearing was strictly upon the temporary injunction as set out in the last paragraph of his order above quoted; we shall therefore consider same in its most favorable light, and after having considered said order in its entirety we find the court did not abuse its discretion in entering same.

Wichita County, appellant herein, insists the court was in error in granting said temporary injunction because as a matter of law the authority was with the Commissioners' Court to operate and control the jail kitchen and/or, at least, the trial court erred in holding as a matter of law authority for operating and control of the jail kitchen was in appellee Sheriff and for that reason the temporary writ of injunction should be dissolved by this court.

The question that presents itself to us is: Who has authority under the law to operate and control the jail kitchen?

■ The general powers of the county are only the powers and duties that are clearly set forth and defined in the Constitution and statutes of this state. It is the duty of the Commissioners' Court to provide, among other things, for the general repair of the jail. Article 5115, Vern.Civ. St., provides in part as follows: "The commissioners court shall provide safe and suitable jails for their respective counties, and shall cause the same to be kept in good repair. They shall see that the jails of their respective counties are kept in a clean and healthy condition, properly ventilated, and not over-crowded with prisoners, and that they are furnished with clean and comfortable mattresses and blankets sufficient for the comfort of the prisoners."

Counties are liable for actual expense of keeping the prisoners confined in their jail under Article 1037, C.C.P., which is in part as follows. "Each county shall be liable for all expense incurred on account of the safe keeping of prisoners confined in jail or kept under guard".

Appellant, Wichita County, earnestly contends under the above statutes such county has exclusive right to supervise,

704

manage and control the kitchen, preparing food for prisoners of the jail, provided that such employees who may prepare the food do not in any way come in contact with the prisoners, and provided further that the kitchen is completely cut off by a partition or wall from the jail proper, except as the county employees of said kitchen shall cooperate with the Sheriff's department in removing food prepared by the county from its kitchen into the jail.

Appellee contends that under the law he has exclusive authority to manage and supervise the jail under Article 5116, which reads as follows: "Each sheriff is the keeper of the jail of his county. He shall safely keep therein all prisoners committed thereto by lawful authority, subject to the order of the proper court, and shall be responsible for the safe keeping of such prisoners. The sheriff may appoint a jailer to take charge of the jail, and supply the wants of those therein confined; but in all cases the sheriff shall exercise a supervision and control over the jail."

There is nothing in the statement of facts to indicate the population of Wichita County but for the benefit of this appeal we will consider the same is in excess of 20,000 inhabitants and that the sheriff, under Article 3912e, Sec. 1, was not on a fee basis, as provided under Article 1040, C.C.P. However, we note Article 1040 providing payment for support and maintenance of the prisoners has not been repealed, except by implication under other statutes, such as Article 3912e, Sec. 1. Under said Article 1040, C.C.P., it is easily noticed that the Legislature intended for the sheriff to have the responsibility of preparing the food for the prisoners.

Under Article 2351c, Vern.Civ.St., which provides for the maintenance and operation by the Commissioners' Court of county court houses and criminal court buildings in counties of more than 500,-000 population, there is stated this exception: "All employees, including jail guards, matrons, elevator operators and other such employees engaged in the operation of the jails in such Counties shall continue to be employed and discharged by the Sheriff in the manner now provided by law, and all employees necessary for the proper conduct of the jails or the safekeeping of the prisoners shall be subject to the exclusive direction and control of the Sheriff of such County." This provision of said statute indicates that the Legislature had in mind that authority to supervise all employees pertaining to the safekeeping of the prisoners and operating the jail was with the sheriff.

Appellant contends that it would be more economical in buying and preparing food for the prisoners than the sheriff's department. This is a honorable gesture but we believe that the county can also control the expenditures by and through its regular legal channels under said above order of the trial judge herein.

Since the law does not specifically provide for operation and maintenance of a jail kitchen, we are aware that the rule should be general as it applies to all counties alike and if there is any discretion in the matter we feel same should be granted with preference to the sheriff because the law directly places all responsibility upon him to provide for the personal detention of the prisoners.

Finding that the trial court did not abuse its discretion in granting the temporary writ of injunction placing the parties in status quo, we overrule appellant's points of error.

Affirmed.