## HARRISON COUNTY v. CITY OF MARSHALL.

### No. 15384.

Court of Civil Appeals of Texas. Fort Worth.

Nov. 14, 1952.

Rehearing Denied Dec. 12, 1952.

Jones, Jones & Brian, of Marshall, for appellant.

Gaines Baldwin, of Marshall, for appellee.

EARL P. HALL, Chief Justice.

This is a city parking meter case. The County of Harrison filed this suit in its district court, seeking permanent injunction forbidding the City of Marshall, coun-

ty seat of said County, from destroying its property by converting a portion of it into a parking lot. The County's petition alleged it was charged with the duty of preserving the property surrounding the courthouse and public square, and claimed title to the land in question, upon which the City proposed to erect parking meters.

Trial was to the court, which rendered judgment denying the County's request for mandatory injunction. Hence, this appeal by Harrison County, predicated upon four points.

The underlying complaints contained in appellant's points are: (1) That the trial court erred in holding the portion of the public square in question could be legally diverted to use inconsistent with that use for which it was dedicated; (2) that it could not be legally diverted from the County's possession to that of the City surrounding it; and (3) that by allowing enforcement of the parking meter ordinance of the City of Marshall same would deprive the County of Harrison and its public use of the County's public square without due process of law.

The City of Marshall is a home rule city operating under its own charter in accordance with the home rule provision of Article 11, section 5, of the Constitution, Vernon's Ann.St., and under provisions of Article 1175, R.C.S. Apparently eight of the main streets in the City of Marshall intersect the public square, upon which is located the courthouse. When the present courthouse was erected in 1900, a brick wall was erected encircling same. Said wall was removed approximately in the year 1934 and was replaced by curbing. The area in question is on either end of the courthouse square and outside of this present curbing, which surrounds the courthouse and its lawn. It is undisputed that the area in question has been used in the main for the movement of traffic, pedestrians, etc.; for public parking purposes; for public gatherings and for a place to barter. It is undisputed that the City of Marshall has maintained and repaired the area in question lying outside of the present concrete curbing for many years. The City, in 1910, paved the area in question with rock. In 1921, it again paved the area in question with brick. The cost of each of these paving projects was borne one-third by the City of Marshall, one-third by the County in question, and the remaining one-third assessed against the abutting property owners.

■ Prior to installation of parking meters in question by the City of Marshall, it submitted to its qualified voters the question of whether or not parking meters should be installed on the courthouse square. A majority of said qualified voters voting in said election voted in favor of installing said parking meters on the square. After this election, said City amended its parking meter ordinance to include the public square. Prior to the time the ordinance in question was passed, the City had painted on said area what is known as parking lines. The undisputed evidence reflects that the City and the County have dedicated the land in question, both by action and implication, to public use as a place where motor vehicles may be run and be parked thereon.

■ We find under such facts that the main question before this court is as suggested by appellee, that is, as to whether the City of Marshall or the County of Harrison has the exclusive right to regulate and control traffic over the land in question. If said City has the exclusive power to control the traffic over this area, dedicated and used for public traffic, then under authorities of this State it no doubt had a right to erect the meters in question as a reasonable traffic regulation. Both the statutes and our courts give authority to cities for the exclusive dominion, control and jurisdiction in, over and under their public streets as provided in Article 1175, sections 16 and 20. Parsons v. City of Galveston, 125 Tex. 568, 84 S.W.2d 996; West v. City of Waco, 116 Tex. 472, 294 S.W. 832; Waid v. City of Fort Worth, Tex.Civ. App., 258 S.W. 1114, writ ref.; Harper v. City of Wichita Falls, Tex.Civ.App., 105 S.W.2d 743, writ ref.; City of Breckenridge v. Stephens County, 120 Tex. 318, 40 S.W.2d 43. Then too, the Legislature granted the City of Marshall in its charter

on Febraury 12, 1909, among other powers, the following:

"(y) Streets.—To regulate use of all streets, alleys, parks, squares, sidewalks and public grounds within said City, and to prevent and suppress all encroachments on said streets, sidewalks, alleys or parks or other public places, and to prevent and suppress all obstructions of every kind and character on the said streets, sidewalks, alleys, parks and other public grounds within said city. * * *

"Sec. 231 Streets—Control.—The commission shall have the power to lay out, establish, open, alter, widen, extend, grade, narrow, care for, pave, supervise, maintain and improve streets, alleys, sidewalks, squares, parks, public places and bridges, and shall have exclusive power and control over same, and over such streets, alleys, sidewalks and public places and bridges that now are or which shall hereafter exist in said city, and shall have the power to vacate and close the same, and to regulate the use thereof, * * *"

 Home rule cities also have the general power to act when such action is not prohibited by provisions of the Constitution and general state statutes. 30 Tex. Jur., p. 104; Leach v. Coleman, Tex.Civ. App., 188 S.W.2d 220. On the other hand, the county has no power or duties except those which are clearly set forth and defined by the Constitution and the State statutes. Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403; 11 Tex.Jur., p. 563.

Incorporation of a town removes the power from the Commissioners' Court to lay out and regulate roads within the city limits. Smith v. Cathey, Tex.Civ.App., 226 S.W. 158.

In the case at bar, the County has not directly attacked the City's parking meter ordinance either by pleading or proof, but, as heretofore stated, it has been held many times by our courts that parking meters may be installed as a proper traffic regulation. Harper v. City of Wichita Falls, supra.

Appellant, to some extent has brought this case upon the theory that the City of Marshall had unlawfully entered upon its premises and deprived it of the use thereof, for instance, as though the City had gone inside of the courthouse curb and lawn and diverted it into a street or thoroughfare. We find that the facts in this case will not support such a contention. We are not here passing upon the title to the land in question. As we view the statement of facts, it is merely the question as to who has the right to supervise and control land which has been diverted into streets and thoroughfares within the city limits of a city. See City of Tyler v. Smith County, Tex.Sup., 246 S.W.2d 601.

Finding no error, judgment of the trial court is affirmed.