

# THE ATTORNEY GENERAL

## OF TEXAS

WAGGONER CARR
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

December 13, 1965

Honorable Adolph F. Spitta     Opinion No. C-567
County Attorney
Kendall County                 Re: Whether the sheriff of Ken-
Boerne, Texas                       dall County has the exclu-
                                    sive right of furnishing
                                    meals to his prisoners and
Dear Mr. Spitta:                    related questions.

     You have recently requested an opinion from this office, your inquiry being as follows:

     "The Sheriff of Kendall County prepares, with the assistance of his wife, meals for the prisoners in his jail. The County reimburses the Sheriff the sum of 75¢ per meal, so furnished upon the Sheriff giving a sworn account at the end of each month. The restaurants and cafes, in this area, have protested such action, maintaining that the Sheriff should take bids, or at any rate give each business a pro rata share of furnishing the meals to said prisoners.

     "Your opinion is respectfully requested concerning the following points:

     "a. Does the Sheriff of Kendall County have the exclusive right of furnishing meals to his prisoners?

     "b. If the Sheriff of Kendall County employs his wife to prepare said meals does that constitute a violation of the Texas Nepotism Law?

     "c. Does the Sheriff of Kendall County have to make an accurate report as to the cost of the meals prepared by his wife, or is it merely necessary for him to report the number of meals to be reimbursed in the amount of 75¢ per meal, as agreed by the Commissioner's Court?

-2742-

Honorable Adolph F. Spitta, page 2 (C-567)

>     "d.   Is it necessary for the wife of the
>     Sheriff of Kendall County to have a health
>     card by virtue of being the supplier and pre-
>     parer of said meals of prisoners?"

In answer to your first question, you are advised that the Sheriff of Kendall County has the exclusive right of operating the jail kitchen and furnishing meals to prisoners. Wichita County v. Vance, 217 S.W.2d 702 (Tex.Civ.App., error ref. n.r.e. 1949); Attorney General's Opinion No. V-1232 (1951). While the sheriff might legitimately contract with cafes to furnish meals to prisoners properly accounting for expenditures to the Commissioners Court (Attorney General's Opinion No. V-1232, supra), he is under no duty or obligation to contract with any cafe to furnish meals or to take bids from the cafes if he decides to use their services in feeding those incarcerated in the Kendall County jail.

As indicated, the answer to your first question is in the affirmative.

With regard to your remaining questions, Section 61 of Article 16 of the Constitution of the State of Texas has made it mandatory since 1949 that all sheriffs be compensated on a salary basis. It has been uniformly held that where a sheriff is compensated on a salary basis that the Commissioners Court may only allow the sheriff the actual expenses incurred by him in feeding prisoners in his custody and cannot allow the sheriff any specific sum for the boarding of prisoners. Attorney General's Opinion No. V-1232, supra. Accordingly, the arrangement between the sheriff and the Kendall County Commissioners Court, whereby the sheriff is reimbursed the sum of 75¢ per meal for each prisoner fed, would be in contravention of law.

With regard to your second question, although the sheriff is authorized to recover from the Commissioners Court the actual expenses incurred in the feeding of prisoners, any fee or any compensation paid to his wife for the preparation of such meals would not be allowable because her employment would be a violation of the Nepotism laws of the State of Texas which forbid an officer of a county to employ any person related to him within the second degree of affinity. This office, in Opinion No. V-359 (1947) held as follows:

>     "The sheriff is an officer of the coun-
>     ty and his wife is related to him 'within

the second degree by affinity.' See Attorney General's Opinions Nos. O-31 and O-4973. It is therefore our opinion that the sheriff is prohibited by the plain provisions of Article 432, V.P.C., from employing his wife as a cook for such prisoners. It is our further opinion that the county auditor is not authorized to approve for payment any claim of the sheriff's wife for such services."

In answer to your third question, you are referred to our discussions above. The sheriff is only entitled to recover the actual expenses for feeding prisoners in his custody and care and he must accurately report all such expenditures in order to receive such reimbursement. Any compensation paid to his wife would not be properly allowable as an expense of the feeding of the inmates of the jail.

The discussions concerning your first three questions make an answer to the fourth question, "Should the wife of the sheriff have a health card," unnecessary. However, we do not mean to say that a wife cannot assist the sheriff in the preparation and serving of meals, but there can be no compensation to her for any labor she performs. If she does render voluntary and gratis services in the feeding of prisoners, we are of the opinion that it would not be necessary that she have a health card. There is no universal requirement under the laws of the State of Texas that food handlers have a sanitary health card; rather, Section 6 of Article 705d, Vernon's Penal Code of Texas, confers on cities the power to adopt ordinances which require the obtaining of a health card as a prerequisite to the handling of foods. However, even if the municipality in which your jail is located has such an ordinance, it is our view that the county jail does not come within the definition of a public eating place as defined by Section 1 of Article 705d.

## SUMMARY

The Sheriff of Kendall County has the exclusive right to furnish meals to his prisoners. Employment of the sheriff's wife to prepare the food for prisoners would be in violation of the Nepotism Laws. A sheriff is only entitled to recover the actual expenses for feeding prisoners in his custody and care and he must accurately

report all such expenditures in order to
receive reimbursement. It is unnecessary
for the person who prepares meals for the
prisoners to have a health card.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

GILBERT J. PENA
Assistant Attorney General

GJP/dt/br

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Edward R. Moffett
Sam L. Kelley
Tom Routt
W. O. Shultz

APPROVED FOR THE ATTORNEY GENERAL
By: T. B. Wright