THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



March 10, 1971

Hon. O. H. Otto
County Attorney
210 County Courthouse
San Angelo, Texas 76901

Dear Mr. Otto:

Opinion No. M-803

Re: Responsibility of Sheriff
to account to his County
Auditor for monies paid to
him for feeding prisoners
in the county jail.

In your letter requesting an opinion from this office, you submit the following facts:

"In the Budget Year 1969, groceries and supplies for prisoners confined in Tom Green County Jail amounted to $8,631.11. $8,000.00 was budgeted for the year 1970. The Commissioners Court has amended the budget for 1970 two times in the amount of $7,000.00. Approximately $15,000.00 will have been disbursed for groceries and supplies at the end of our fiscal year 1970. This is a considerable increase in expenditures between the year 1969 and 1970. Due to this great increase in expenditures, a request was made by the County Auditor to the Sheriff to make a complete accounting of all groceries and supplies purchased and consumed, which consist of the following requirements: 1. A monthly inventory of groceries and supplies; 2. Weekly menus prepared; 3. Grocery and supply bills submitted to Auditor's office at time of purchase; 4. Daily food and supplies consumption count daily submitted to auditor's office; 5. Count of prisoners fed."

With regard to these facts you ask the following question:

"Is the Sheriff required to comply with the above request based on Art. 1663 and 1663a, Vernon's Civil Statutes."

In a supplementary letter dated January 21, 1971, you have informed us that the additional reports and information

-3901-

referred to above are intended to relate only to future accounting periods.

Thus, the information requested is not being sought in connection with an audit but in connection with the manner of operation and accounting for the feeding of prisoners.

By its express terms, Article 1663 provides that the County Auditor

". . . shall require all persons who shall have received any money belonging to the county, or having the disposition or management of any property of the county to render statements to him."

Willful refusal to comply with "reasonable" requests of the Auditor for such statements renders the person from whom the County Auditor is entitled to receive them is made a misdemeanor by Article 1663a.

As we construe such statutes, the Sheriff, in his feeding of prisoners, is not an officer subject to either Article 1663 or 1663a, since he is not authorized to receive or dispose of any money or property belonging to the county with the feeding of prisoners. Nor under said statutes is the County Auditor entitled to receive any reports or statements from the Sheriff incident to the feeding of prisoners, except while in the course of making an audit. Since 1949 all Sheriffs are compensated on a salary basis pursuant to Article XIV, Section 61, Constitution of Texas. Sheriffs paid on a salary basis are entitled to recover actual expensed incurred in the feeding of prisoners and must report such expenses accurately to receive reimbursement. Attorney General Opinion Nos. C-567 (1965); V-1232 (1951). The Legislature has expressly provided for the statement or report required by the Sheriff in this undertaking in Article 1046, Vernon's Code of Criminal Procedure. This statute provides that the Sheriff shall present at each regular term of the Commissioners' Court his verified account for the expenses incurred by him for the maintenance of prisoners.

County sheriffs have the exclusive right of operating the jail kitchen and furnishing meals to prisoners. Article 1040, Vernon's Code of Criminal Procedure; Wichita County v. Vance, 217 S.W.2d 702 (Tex.Civ.App., 1949, error ref. n.r.e.); Attorney General Opinion Nos. M-567 (1965); V-1232 (1951); V-359 (1947); O-4377 (1942); O-1242 (1939); O-1228 (1939); and O-329 (1939).

This office has previously held that the County Auditor is not authorized to require, as a prerequisite to his approval of a claim or items of expense, that all requisitions for such purchases or expense items shall be signed or approved by him at the time the purchase is made or the expense incurred. See Attorney General Opinion Nos. O-6506 (1945); WW-1346 (1962).

In the most recent opinion of this office in this area, this office held, in part, in Attorney General Opinion No. M-756 (1970):

"The County Auditor has no general authority to examine the records of public officials except as may be required for verification purposes under good accounting procedures in connection with a financial audit. Therefore, the County Auditor has no duty or authority to examine county jail records. . .unless he is seeking information as to the use or misuse of county funds."

In view of the foregoing considerations, we are of the opinion that your question must be answered in the negative; that is, the Sheriff is not required to comply with the request based on Article 1663 and 1663a. Monies paid for the cost of feeding prisoners are in the nature of monies paid to the Sheriff for the cost of actual expenses incurred in the feeding of prisoners. The Sheriff actually handles no money or county property belonging to the county, within the contemplation of Articles 1663 and 1663a.

## S U M M A R Y

Under the facts and circumstances presented, the County Sheriff is not required to comply with the request of the County Auditor to furnish to him certain statements pertaining to a monthly inventory of supplies, weekly menus prepared, grocery and supply bills of time of purchase, daily consumption count, and count of prisoners fed, based on Articles 1663 and 1663a, Vernon's Civil Statutes, because such statutes do not apply to the Sheriff's undertaking in feeding the prisoners, but apply only to a person who handles or disposes of money or property belonging to the county within the contemplation of the statutes.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

By _Nola White_
NOLA WHITE
First Assistant

Prepared by Ivan R. Williams
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Max Hamilton
Jack Goodman
Lonny Zwiener
J. C. Davis

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant