

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

July 24, 1975

The Honorable Joe Resweber
Harris County Attorney
Harris County Courthouse
Houston, Texas 77002

Opinion No. H- 647

Re: Authority of Harris County
Commissioners Court to impose a
charge for handling of child support
payments by the juvenile probation
department.

Dear Mr. Resweber:

You have requested our opinion regarding the authority of the Harris
County Commissioners Court to impose a handling charge of $ . 50 on both
the receipt and disbursement of child support payments by the Child Support
Division of the Harris County Juvenile Probation Department.

Article 5139VV, V. T. C. S., creates the Harris County Juvenile Board
and prescribes its duties, one of which is to:

> . . . direct whether the district clerk or the chief
> juvenile probation officer shall receive payments
> for the support of wives and children made under
> the order of the district and criminal district courts
> or the courts of domestic relations of Harris County.
> V. T. C. S.  art. 5139VV, sec. 5(f).

Receipt and disbursement of child support payments is strictly circum-
scribed by the terms of the statute. Whether these funds are administered by
the juvenile probation officer or by the district clerk, they may be received and
disbursed only as directed by "order of the district and criminal district courts
or the courts of domestic relations. . ." V. T. C. S. art. 5139VV, sec. 10(a)
and (b).

In counties having a population of more than 350,000, a charge of $3.00
is added to the filing fee of every divorce petition for the express purpose of
maintaining the child support office of the county's probation department.
V. T. C. S. art. 5142a-1.

The statute contains no authorization for the imposition of any administrative fee by either the juvenile board or by the commissioners court. It is well established that unless a fee is provided by law for an official service that is required to be performed, none may lawfully be charged. Nueces County v. Currington, 162 S.W. 2d 687 (Tex. Sup. 1942); McCalla v. City of Rockdale, 246 S.W. 654 (Tex. Sup. 1922); Attorney General Opinion H-443 (1974).

The powers of a county are strictly limited to those set forth by the Constitution or by statute. Harrison County v. City of Marshall, 253 S.W. 2d 67, 69 (Tex. Civ. App. --Fort Worth 1952, writ ref'd); Wichita County v. Vance, 217 S.W. 2d 702, 703 (Tex. Civ. App. --Fort Worth 1949, writ ref'd n. r. e.).

In view of the absence of any statutory authority for the imposition by the Harris County Commissioners Court of a handling charge on the receipt and disbursement of child support payments, the limiting language of article 5139VV, and the statutory authorization of a $3.00 charge upon the filing of divorce petitions for the purpose of administering the child support office, it is our opinion that the Harris County Commissioners Court may not impose any charge upon the receipt or disbursement of child support payments by the Child Support Division of the Harris County Juvenile Probation Department.

### S U M M A R Y

The Harris County Commissioners Court is not authorized to impose a charge for the handling of child support payments by the juvenile probation department.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee