

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 1, 1977

The Honorable W. E. Snelson
Chairman
Senate Committee on Intergovern-
  mental Relations
State Capitol
Austin, Texas

Opinion No. H- 969

Re: Whether a city or
county can require dis-
closure of public officials
assets and income.

Dear Chairman Snelson:

You have requested our opinion regarding whether
municipalities and counties may require their public officials
to file financial disclosure statements as a condition of
holding office. Although you have not provided us with the
details of the content of any such proposed financial
statements, we assume for purposes of discussion that they
would contain information similar to that required of certain
state officials by article 6252-9b, V.T.C.S.

It is well established that a home rule city may exer-
cise any power not inconsistent with the Texas Constitution
or with general law. Tex. Const. art. 11, §5; V.T.C.S. art.
1165; City of Sweetwater v. Geron, 380 S.W.2d 550, 552 (Tex.
1964); Wagstaff v. City of Groves, 419 S.W.2d 441, 443 (Tex.
Civ. App. -- Beaumont 1967, writ ref'd n.r.e.). As we noted
in Attorney General Opinion H-15 (1973), the public has "a
legitimate interest in the current financial condition and
recent financial history of those of its servants who are in
positions of authority." Id. at 2. On that basis, we have
upheld the constitutional validity of article 6252-9b. Attor-
ney General Opinion H-190 (1973).

There appears to be no constitutional or statutory pro-
vision which would per se prohibit a home rule city from re-
quiring that its officials file financial disclosure statements
as a condition of holding office. The Texas Election Code im-
poses certain eligibility requirements upon persons who hold
elective office, and specifically permits a home rule city to
prescribe "different age and residence requirements from those
prescribed" by statute. Election Code, art. 1.05 (Subdiv. 3.).
In addition, a number of other statutes prescribe further eli-
gibility requirements for certain offices. See e.g. V.T.C.S.

arts. 987, 1003, 1004. Even assuming that requiring the filing of these financial statements would constitute a "qualification" for office, the statutory qualifications have not been deemed exclusive and since neither the Constitution nor any statute per se prohibits the imposition of additional requirements, we believe that a home rule city is authorized to prescribe them.

We are supported in this conclusion by a number of decisions from other jurisdictions. The general rule is that a city may establish conditions for holding a municipal office in addition to those imposed by state law, so long as such conditions are not inconsistent therewith. See e.g. Doyle v. City of Dearborn, 121 N.W.2d 473, 475-76 (Mich. 1963); State ex rel. Isham v. City of Spokane, 98 P.2d 306, 309 (Wash. 1940); Lindsey v. Dominguez, 20 P.2d 327, 328 (Cal. 1933). Of course, no condition of holding office may be prescribed in contravention of the due process and equal protection guarantees of the State and Federal Constitution. Thompson v. Gallagher, 489 F.2d 443, 449 (5th Cir. 1973). Furthermore, if the requirement of financial disclosure is imposed by ordinance, the municipality must first determine that such ordinance is not in violation of any provision of its charter. City of Fort Worth v. Lillard, 272 S.W. 577, 580 (Tex. Civ. App. -- Ft. Worth 1925), aff'd 294 S.W. 831 (Tex. 1927). In general, however, it is our opinion that a home rule city is authorized to require its public officials to file financial disclosure statements as a condition of holding office.

As to general law cities, their powers are derived from article 11, section 4 of the Texas Constitution. While home rule cities are authorized to amend their charters and adopt ordinances, subject only to the limitation that neither charter nor ordinance may be inconsistent with the Constitution or with general law, no such power is granted to general law cities. It is generally held that non-home rule municipalities have only those powers which are specifically granted them by the Legislature. Ex parte Farley, 144 S.W. 530 (Tex. Crim. App. 1912); State ex rel. Rea v. Etheridge, 32 S.W.2d 828, 830 (Tex. Comm'n. App. 1930), jdgmt adopted, 36 S.W.2d 983 (Tex. 1937); Lindsley v. Dallas Consolidated Street Railway Co., 200 S.W. 207, 211 (Tex. Civ. App. -- Dallas 1917, no writ).

Counties, too, have only those powers which are clearly set forth in the Constitution and statutes. Harrison County v. City of Marshall, 253 S.W.2d 67, 69 (Tex. Civ. App. --

Ft. Worth 1952, writ ref'd); Wichita County v. Vance, 217
S.W.2d 702, 703 (Tex. Civ. App. -- Ft. Worth 1949, writ ref'd
n.r.e.). It is thus our view that neither a non-home rule
city nor county may require its officials to file financial
disclosure statements without express authorization from
the Legislature.

### S U M M A R Y

Home rule cities may require their
public officials to file financial
disclosure statements as a condition of
holding office, but general law cities
and counties may not do so without express
authorization from the Legislature.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

kml