

# The Attorney General of Texas

May 3, 1978

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Steve Suttle
Chairman, Texas Commission on
  Jail Standards
P. O. Box 12985
Austin, Texas 78711

Opinion No. H- 1161

Re: Authority of Texas Commission on Jail Standards to establish guidelines for salaries of county jail personnel.

Dear Mr. Suttle:

You ask whether the Texas Commission on Jail Standards has authority to promulgate the following rule:

> Pay for correction officers shall be equivalent to that of other appointed deputies of similar grade, status, and/or tenure whose daily duties require frequent, close and risky contact with violators of the law.

Rule 217.14.003. This rule would equalize the pay of correction officers working in county jails with that received by law enforcement personnel in the field.

The Commission on Jail Standards has authority to promulgate rules establishing minimum standards for the operation of county jails, the custody of prisoners, and the number of jail supervisory personnel. V.T.C.S. art. 5115.1, § 9(a)(1)-(3). It has no express authority to establish guidelines for salaries paid jail personnel. Such guidelines might help achieve minimum standards for the operation of jails and the custody of prisoners, see Alberti v. Sheriff of Harris County, 406 F. Supp. 649 (S.D. Tex. 1975), and thus might arguably be within the Commission's rule-making power. However, the Commission may not exercise a power expressly conferred not on it, but on another agency of government. See Amarillo v. Stapf, 101 S.W.2d 229 (Tex. 1937).

The Legislature has given the commissioners court authority to determine salaries of county employees, including persons employed in county jails. See V.T.C.S. arts. 3912k, 6871; Code Crim. Proc. arts. 1037, 1041,

1041a; Wichita County v. Vance, 217 S.W.2d 702 (Tex. Civ. App. — Fort Worth 1949, writ ref'd n.r.e.); Attorney General Opinion O-2444 (1940). See also Smith v. Sullivan, 553 F.2d 373 (5th Cir. 1977). Since the commissioners court has express authority to determine salaries of county jail personnel, while the Commission has no such express authority, we believe the rule is invalid. See Amarillo v. Stapf, supra, Attorney General Opinion H-475 (1974).

You also ask whether the commissioners courts have authority to fix the pay of jail personnel at a level lower than the pay of other county law enforcement officers of equal rank and seniority. Article 3912k gives the commissioners court considerable discretion as to the salaries of county employees. See Attorney General Opinions H-992 (1977), H-860 (1976). See also Attorney General Opinion H-429 (1974) (equal salaries not required for county constables). We find no provision requiring the salaries of jail personnel to equal salaries of other county law enforcement officers, and conclude that the commissioners court may set their salaries at a lower level.

In counties which have adopted a civil service system pursuant to article 2372h-6 the rules of the civil service commission concerning classification, promotion, and benefits of county employees could tend to equalize salaries. Whether this has occurred must be determined on a case-by-case basis. Since deputy sheriffs are not subject to the civil service act, such rules would not affect their salaries. See Attorney General Opinion H-985 (1977).

## SUMMARY

The Texas Commission on Jail Standards lacks authority to promulgate a rule equalizing the salaries of county jail personnel with the salaries of law enforcement officers in the field. The commissioners court has authority to fix the salaries of jail personnel at a level lower than the pay of other county law enforcement officers of equal rank and seniority.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jst