

# The Attorney General of Texas

July 8, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George N. Rodriguez
El Paso County Attorney
Room 201, City-County Building
El Paso, Texas    79901

Opinion No. MW-490

Re:    Authority of county to purchase automobile liability insurance on county patrol vehicles

Dear Mr. Rodriguez:

You have requested an Attorney General's Opinion regarding liability insurance for county owned vehicles. The facts are as follows:  El Paso County has a population of less than 1,400,000. The commissioners court elected to provide transportation for its sheriffs and deputies, as mandated by V.T.C.S., article 6877-1, by furnishing "adequate motor transportation including all expenses incidental to... upkeep and operation." The commissioners court does not provide automobile liability insurance against claims brought under article 6252-19, section 3, V.T.C.S.

You have asked specifically:

> Does the County Commissioners Court have the power to provide for liability insurance on motor vehicles owned or leased by the county for use by the sheriff and his deputies as patrol vehicles? and

> Does the County Commissioners Court have the duty to provide liability insurance on motor vehicles owned or leased by the county for use by the sheriff and his deputies as patrol vehicles in a county with a population of less than 1,400,000 according to the most recent federal census?

The Texas Tort Claims Act, article 6252-19, section 3 states:

> Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment

> or office arising from the operation or use of a
> motor-driven vehicle....

Section 9 of the act further provides:

> [A]ll units of government are hereby expressly
> authorized to purchase policies of insurance
> providing protection for such units of government,
> their officers, agents and employees against
> claims brought under the provisions of this
> Act....

Counties are included in the definition of the phrase "units of
government" in section 2(1). Thus, in the Texas Tort Claims Act, the
legislature gave express authority to counties to purchase insurance
to protect against liability for money damages for personal injury or
death directly caused by the negligence or wrongful acts or omissions
of any officer or employee acting within the scope of office arising
from the operation or use of a motor vehicle (hereinafter "liability
insurance"). The answer to your first question is that county
commissioners courts do have the authority to purchase the liability
insurance described above.

In answer to your second question, it is our opinion that the
commissioners court does not have a duty to provide liability
insurance. We base this opinion on the fact that article 6701-h,
section 33, V.T.C.S. (Safety Responsibility Law), exempts the United
States, Texas, and political subdivisions of the state from the
liability insurance required in article 6701-h, section 1A(a).
However, other legislation requires liability insurance for the state
and for certain political subdivisions. By the enactment of article
2372h-9, section 2(a), V.T.C.S., the legislature required liability
insurance for sheriffs' or constables' motor vehicles in counties with
a population of over 1,400,000. Likewise, article 999e, V.T.C.S.,
requires the state and every incorporated city and town to provide
liability insurance for motor vehicles used by peace officers and fire
fighters. The total effect of the three statutes is that the Safety
Responsibility Law exempts the state and political subdivisions of the
state from the requirement of liability insurance; however, by virtue
of article 999e and article 2372h-9, section 2(a), the state,
incorporated towns and cities, and counties of over 1,400,000 are
required to have liability insurance.

It has been argued that article 6877-1(a), V.T.C.S., requires
counties to purchase liability insurance. That article provides:

> The County Commissioners Courts of this State
> are directed to supply and pay for transportation
> of sheriffs of their respective counties and their

deputies to and from points within this State,
under one of the four (4) following Sections:

(a)  Such sheriffs and their deputies shall be
furnished adequate motor transportation including
all expense incidental to the upkeep and operation
of such motor vehicles.

As stated earlier, the El Paso commissioners court has elected to
"furnish adequate motor transporation including all expense incidental
to the upkeep and operation of such vehicles" as its method of
compliance with the mandate to supply transportation to sheriffs.  The
question is whether El Paso County has the duty to supply liability
insurance on its vehicles as an expense incidental to their operation.

It has been suggested that counties are included in the
exceptions given in article 999e, section 1(a), reproduced below:

The state and every incorporated city or town
shall provide for insuring peace officers and fire
fighters in its employ against liability to third
persons arising out of the operation, maintenance,
or use of any motor vehicle owned or leased by the
state, city or town.

A county has only those powers and duties clearly set forth in the
constitution or statutes.  Mills County v. Lampasas County, 40 S.W.
403, 404 (Tex. 1897); Harrison County v. City of Marshall, 253 S.W.2d
67, 69 (Tex. Civ. App. - Fort Worth 1952, writ ref'd).  Counties are
not mentioned in article 999e.  No duty has been clearly set forth.
In addition, if the word "state" included counties, there would be no
need for the legislature to require liability insurance for counties
of over 1,400,000.  Therefore, article 999e, section 1(a) does not
impose a duty on counties.

Section 9 of the Texas Tort Claims Act, which provides the
authority for the purchase of liability insurance, is permissive only.
There is no statutory or constitutional requirement for the purchase
of liability insurance except those cited earlier.  In the absence of
an express duty, it is our opinion that counties with a population of
less than 1,400,000 have the authority, but not the duty, to provide
liability insurance.

                        S U M M A R Y

Counties with a population of less than
1,400,000 have the authority, but not the duty, to
purchase insurance policies to protect against
liability for the negligence or wrongful acts or

omissions of any officer or employee acting within the scope of employment arising from the operation, use, or maintenance of a motor vehicle owned by the county.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Edna Ramon
Bruce Youngblood