Honorable George N. Rodriguez El Paso County Attorney Room 201, City-County Building El Paso, Texas 79901
Re: Authority of county to purchase automobile liability insurance on county patrol vehicles
Dear Mr. Rodriguez:
You have requested an Attorney General's Opinion regarding liability insurance for county owned vehicles. The facts are as follows: El Paso County has a population of less than 1,400,000. The commissioners court elected to provide transportation for its sheriffs and deputies, as mandated by V.T.C.S., article 6877-1, by furnishing `adequate motor transportation including all expenses incidental to . . . upkeep and operation.' The commissioners court does not provide automobile liability insurance against claims brought under article 6252-19, section 3, V.T.C.S.
You have asked specifically:
 Does the County Commissioners Court have the power to provide for liability insurance on motor vehicles owned or leased by the county for use by the sheriff and his deputies as patrol vehicles? and
 Does the County Commissioners Court have the duty to provide liability insurance on motor vehicles owned or leased by the county for use by the sheriff and his deputies as patrol vehicles in a county with a population of less than 1,400,000 according to the most recent federal census?
The Texas Tort Claims Act, article 6252-19, section 3 states:
 Each unit of government in the state shall be liable for money damages for personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle. . . .
Section 9 of the act further provides:
 [A]ll units of government are hereby expressly authorized to purchase policies of insurance providing protection for such units of government, their officers, agents and employees against claims brought under the provisions of this Act. . . .
Counties are included in the definition of the phrase `units of government' in section 2(1). Thus, in the Texas Tort Claims Act, the legislature gave express authority to counties to purchase insurance to protect against liability for money damages for personal injury or death directly caused by the negligence or wrongful acts or omissions of any officer or employee acting within the scope of office arising from the operation or use of a motor vehicle (hereinafter `liability insurance'). The answer to your first question is that county commissioners courts do have the authority to purchase the liability insurance described above.
In answer to your second question, it is our opinion that the commissioners court does not have a duty to provide liability insurance. We base this opinion on the fact that article 6701-h, section 33, V.T.C.S. (Safety Responsibility Law), exempts the United States, Texas, and political subdivisions of the state from the liability insurance required in article 6701-h, section 1A(a). However, other legislation requires liability insurance for the state and for certain political subdivisions. By the enactment of article 2372h-9, section 2(a), V.T.C.S., the legislature required liability insurance for sheriffs' or constables' motor vehicles in counties with a population of over 1,400,000. Likewise, article 999e, V.T.C.S., requires the state and every incorporated city and town to provide liability insurance for motor vehicles used by peace officers and fire fighters. The total effect of the three statutes is that the Safety Responsibility Law exempts the state and political subdivisions of the state from the requirement of liability insurance; however, by virtue of article 999e and article 2372h-9, section 2(a), the state, incorporated towns and cities, and counties of over 1,400,000 are required to have liability insurance.
It has been argued that article 6877-1(a), V.T.C.S., requires counties to purchase liability insurance. The article provides:
 The County Commissioners Courts of this State are directed to supply and pay for transportation of sheriffs of their respective counties and their deputies to and from points within this State, under one of the four (4) following Sections:
 (a) Such sheriffs and their deputies shall be furnished adequate motor transportation including all expense incidental to the upkeep and operation of such motor vehicles.
As stated earlier, the El Paso commissioners court has elected to `furnish adequate motor transportation including all expense incidental to the upkeep and operation of such vehicles' as its method of compliance with the mandate to supply transportation to sheriffs. The question is whether El Paso County has the duty to supply liability insurance on its vehicles as an expense incidental to their operation.
It has been suggested that counties are included in the exceptions given in article 999e, section 1(a), reproduced below:
 The state and every incorporated city or town shall provide for insuring peace officers and fire fighters in its employ against liability to third persons arising out of the operation, maintenance, or use of any motor vehicle owned or leased by the state, city or town.
A county has only those powers and duties clearly set forth in the constitution or statutes. Mills County v. Lampasas County, 40 S.W. 403, 404 (Tex. 1897); Harrison County v. City of Marshall, 253 S.W.2d 67, 69
(Tex.Civ.App.-Fort Worth 1952, writ ref'd). Counties are not mentioned in article 999e. No duty has been clearly set forth. In addition, if the word `state' included counties, there would be no need for the legislature to require liability insurance for counties of over 1,400,000. Therefore, article 999e, section 1(a) does not impose a duty on counties.
Section 9 of the Texas Tort Claims Act, which provides the authority for the purchase of liability insurance, is permissive only. There is no statutory or constitutional requirement for the purchase of liability insurance except those cited earlier. In the absence of an express duty, it is our opinion that counties with a population of less than 1,400,000 have the authority, but not the duty, to provide liability insurance.
 SUMMARY
Counties with a population of less than 1,400,000 have the authority, but not the duty, to purchase insurance policies to protect against liability for the negligence or wrongful acts or omissions of any officer or employee acting within the scope of employment arising from the operation, use, or maintenance of a motor vehicle owned by the county.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Patricia Hinojosa Assistant Attorney General