

# The Attorney General of Texas

September 19, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1 Texas, Suite 700
..Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable James W. Smith, Jr.
Frio County Attorney
P. O. Box V
Pearsall, Texas    78061

Opinion No.   JM-74

Re:  Whether penalties established
by section 6.06(e) of the Tax Code
for late  payment of taxing entity
assessments may be rescinded

Dear Mr. Smith:

You ask us two questions regarding section 6.06(e) of the Tax
Code.  This section governs the method by which taxing units pay to
the appraisal district their portions of the appraisal district's
expenditures as allocated by section 6.06(d), Tax Code.  Section
6.06(e) of the Tax Code provides the following:

> Unless the governing body of a unit and the chief
> appraiser agree to a different method of payment,
> each taxing unit shall pay its allocation in four
> equal payments to be made at the end of each
> calendar quarter, and the first payment shall be
> made before January 1 of the year in which the
> budget takes effect. A payment is delinquent if
> not paid on the date it is due.  A delinquent
> payment incurs a penalty of 5 percent of the
> amount of the payment and accrues interest at an
> annual rate of 10 percent.  If the budget is
> amended, any change in the amount of a unit's
> allocation is apportioned among the payments
> remaining.  (Emphasis added).

Your first question is:

> If one taxing entity is allowed to pay without
> penalty and interest, should any other penalty and
> interest paid by another taxing entity be
> refunded?

Your second question is:

> If payments are accepted without payment of
> penalty and interest, what other recourse would

p. 316

the Frio County Appraisal District have for collecting due funds?

We answer your first question in the negative, because we conclude that the appraisal district is without authority to waive or rescind the penalty and interest to any taxing unit which tenders a delinquent payment. Because we answer your first question in the negative, we deem it unnecessary to answer your second question.

Under settled principles of law, the imposition of penalties falls within the police power of the legislature. Waters-Pierce Oil Company v. Texas, 212 U.S. 86, 107 (1909); First Texas Prudential Insurance Company v. Smallwood, 242 S.W. 498, 505 (Tex. Civ. App. - Beaumont 1922, no writ). Moreover, remission by general statute of penalties which have accrued and are due political subdivisions is constitutional. Jones v. Williams, 45 S.W.2d 130, 137 (Tex. 1931). But, in this instance remission cannot be accomplished, because there is no statutory provision permitting it. At no place in the code is the appraisal district given the authority to rescind or waive the penalty and interest imposed by section 6.06(e) of the Tax Code.

Generally, the powers of such governmental agencies as counties, townships, and school districts are more strictly construed than those of incorporated municipalities. Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann, 142 S.W.2d 945, 948 (Tex. 1940). For example, a county has no powers or duties except those which are clearly set forth and defined by the constitution and the state statutes. Harrison County v. City of Marshall, 253 S.W.2d 67, 69 (Tex. Civ. App. - Fort Worth 1952, writ ref'd); Wichita County v. Vance, 217 S.W.2d 702, 703 (Tex. Civ. App. - Fort Worth 1949, writ ref'd n.r.e.). See also Miller v. El Paso County, 150 S.W.2d 1000 (Tex. 1941). Analogously, we hold that an appraisal district can exercise only those powers and duties which are clearly set forth in the constitution and statutes of this state. Therefore, absent specific statutory authority, we conclude that an appraisal district is without authority to rescind or waive the penalty imposed by section 6.06(e) of the Tax Code.

S U M M A R Y

An appraisal district is without authority to rescind or waive the penalty and interest imposed by section 6.06(e) of the Tax Code upon taxing units which are delinquent in paying their allocation of the appraisal district's expenditures.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton