Honorable James W. Smith, Jr. Frio County Attorney P. O. Box V Pearsall, Texas 78061
Re: Whether penalties established by section 6.06(e) of the Tax Code for late payment of taxing entity assessments may be rescinded
Dear Mr. Smith:
You ask us two questions regarding section 6.06(e) of the Tax Code. This section governs the method by which taxing units pay to the appraisal district their portions of the appraisal district's expenditures as allocated by section 6.06(d), Tax Code. Section 6.06(e) of the Tax Code provides the following:
 Unless the governing body of a unit and the chief appraiser agree to a different method of payment, each taxing unit shall pay its allocation in four equal payments to be made at the end of each calendar quarter, and the first payment shall be made before January 1 of the year in which the budget takes effect. A payment is delinquent if not paid on the date it is due. A delinquent payment incurs a penalty of 5 percent of the amount of the payment and accrues interest at an annual rate of 10 percent. If the budget is amended, any change in the amount of a unit's allocation is apportioned among the payments remaining. (Emphasis added).
Your first question is:
 If one taxing entity is allowed to pay without penalty and interest, should any other penalty and interest paid by another taxing entity be refunded?
Your second question is:
 If payments are accepted without payment of penalty and interest, what other recourse would the Frio County Appraisal District have for collecting due funds?
 We answer your first question in the negative, because we conclude that the appraisal district is without authority to waive or rescind the penalty and interest to any taxing unit which tenders a delinquent payment. Because we answer your first question in the negative, we deem it unnecessary to answer your second question.
Under settled principles of law, the imposition of penalties falls within the police power of the legislature. Waters-Pierce Oil Company v. Texas, 212 U.S. 86, 107 (1909); First Texas Prudential Insurance Company v. Smallwood, 242 S.W. 498, 505
(Tex.Civ.App.-Beaumont 1922, no writ). Moreover, remission by general statute of penalties which have accrued and are due political subdivisions is constitutional. Jones v. Williams,45 S.W.2d 130, 137 (Tex. 1931). But, in this instance remission cannot be accomplished, because there is no statutory provision permitting it. At no place in the code is the appraisal district given the authority to rescind or waive the penalty and interest imposed by section 6.06(e) of the Tax Code.
Generally, the powers of such governmental agencies as counties, townships, and school districts are more strictly construed than those of incorporated municipalities. Tri-City Fresh Water Supply District No. 2 of Harris County v. Mann, 142 S.W.2d 945, 948
(Tex. 1940). For example, a county has no powers or duties except those which are clearly set forth and defined by the constitution and the state statutes. Harrison County v. City of Marshall,253 S.W.2d 67, 69 (Tex.Civ.App.-Fort Worth 1952, writ ref'd); Wichita County v. Vance, 217 S.W.2d 702, 703 (Tex.Civ.App.-Fort Worth 1949, writ ref'd n.r.e.). See also Miller v. El Paso County,150 S.W.2d 1000 (Tex. 1941). Analogously, we hold that an appraisal district can exercise only those powers and duties which are clearly set forth in the constitution and statutes of this state. Therefore, absent specific statutory authority, we conclude that an appraisal district is without authority to rescind or waive the penalty imposed by section 6.06(e) of the Tax Code.
 SUMMARY
An appraisal district is without authority to rescind or waive the penalty and interest imposed by section 6.06(e) of the Tax Code upon taxing units which are delinquent in paying their allocation of the appraisal district's expenditures.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Prepared by Jim Moellinger Assistant Attorney General