

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

April 20, 1992

Honorable Scott W. Johnson
Reeves County Attorney
County Courthouse
P. O. Box 749
Pecos, Texas 79772

Opinion No. DM-111

Re: Whether the county sheriff or the county commissioners court has the authority to choose a physician and schedule the physician to provide medical services to inmates incarcerated in the county jails (RQ-247)

Dear Mr. Johnson:

You have requested our opinion as to whether the county sheriff or the county commissioners court is statutorily authorized to choose a physician and schedule the physician to provide medical services to inmates incarcerated in the county jails. Your question involves extrapolation of those sections of the Local Government Code (the code) dividing responsibilities for the provision and maintenance of county jails between the county commissioners court and the county sheriff.

Initially, we note that the powers of the county, exercised through the commissioners court, are only those that are expressly conferred upon it and defined in the constitution and statutes of this state, or reasonably inferred from a specific power. Attorney General Opinion JM-1160 (1990) at 2; *see also Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948); *Wichita County v. Vance*, 217 S.W.2d 702, 703 (Tex. Civ. App.--Fort Worth 1949, writ ref'd n.r.e.); *Dodson v. Marshall*, 118 S.W.2d 621, 623 (Tex. Civ. App.--Waco 1938, writ dism'd w.o.j.). However, if the constitution and statutes have conferred a right or obligation on the commissioners court, the commissioners court has implied authority to exercise broad discretion to accomplish the purposes underlying the constitutional or statutory provision. *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941); *Dodson*, 118 S.W.2d at 623. The legislature has assigned to the county commissioners court the duty to provide "safe and suitable" county jails. Local Gov't Code § 351.001(a). Thus, the question of whether the commissioners court has authority to choose and schedule a

physician to provide medical services in the county jails turns on whether such a service is necessary to ensure the provision of "safe and suitable jails." *See* Attorney General Opinion JM-1098 (1989) at 2. The commissioners court is not without guidance in determining what it must do to comply with its statutory duty to provide "safe and suitable jails," for sections 351.002 through 351.015 of the code list various responsibilities of the commissioners court. Among the duties explicitly conferred upon the commissioners court is the duty to provide county jails that comply with sanitation and health requirements. Local Gov't Code § 351.010.

As well as delineating the responsibilities of the county commissioners court, the code defines the responsibilities of the county sheriff in the operation of the county jails. Section 351.041 designates the sheriff as "the keeper of the county jail" and requires the sheriff "to exercise supervision and control over the jail." *Id.* § 351.041; Attorney General Opinion JM-1098 at 3. In a previous opinion considering the division of duties between the commissioners court and the sheriff under the predecessors to sections 351.001(a) and 351.041 of the code, we stated that the authority of the commissioners court over the jail is limited to providing the jail adequate funding and broad operational guidelines, and that the sheriff bears responsibility for the actual operation of the jail. Attorney General Opinion H-1190 (1978) at 3; *see also* Attorney General Opinion JM-1098 at 3.

The authority and duty to contract, on behalf of the county, for services for the county jails also is split between the county commissioners court and the county sheriff. Generally, the commissioners court has sole authority to make contracts binding on the county unless a statute expressly grants the county sheriff or other county official the authority to contract for the county. Attorney General Opinion DM-67 (1991) at 2; *Anderson*, 152 S.W.2d at 1085. We find no provision in the code expressly authorizing the county sheriff to contract with a physician to provide medical services to inmates incarcerated in the county jails, unless the physician is an employee of the county jail, as opposed to an independent contractor. *See* Local Gov't Code § 151.003; *cf. id.* § 85.005(a) (authorizing sheriff, with approval of commissioners court, to employ prison guards). Thus, only the commissioners court can contract with a physician for the provision of medical services to the county jails. *See Galveston County v. Ducie*, 45 S.W. 798, 799 (Tex. 1898) (holding that commissioners court statutorily authorized to contract with physician to provide medical services to prisoners and paupers). Furthermore, in our opinion, the commissioners court's explicit statutory responsibility to comply with sanitation and health requirements necessarily implies the responsibility to provide medical services,

including, if regular services of a physician are required,[1] contracting with a physician. *Cf. Anderson*, 152 S.W.2d at 1086 (holding that, despite fact that statute places sheriff in charge of court house, commissioners court has authority to employ, direct, and discharge janitor and elevator operator in court house). On the other hand, the sheriff's statutory role as keeper of the county jails authorizes the sheriff to schedule the physician's services at the jail.

Our conclusion is consistent with a rule promulgated by the Texas Commission on Jail Standards (the commission). The commission, statutorily empowered to establish minimum standards for all aspects of county jails and prisoner care with which every county jail must comply, *see* Local Gov't Code § 351.002; Gov't Code § 511.009(a)(1) - (4), has promulgated a rule that requires the commissioners court of each county to provide

> such medical services as the circumstances and locality of the detention facility[2] permit, and comparable to what is generally available in the county, which may include, but shall not be limited to, the services of a licensed physician, the services of professional and allied health personnel, and hospital or similar services. The commissioners court should provide the services of a licensed physician who shall assume the responsibility as the director of medical services for the quality and availability of all medical services provided to jail inmates, and such physician may be the county health officer.

---

[1] A commissioners court must provide the services of a licensed physician to the jails only if the circumstances and locality of the jails permit. *See infra* pp. 3-4 (quoting 37 T.A.C. § 273.1).

[2] The commission's rules do not specifically define "detention facility." However, the rules define "[f]acility" as "[a] jail or lockup, including buildings and site." 37 T.A.C. § 253.1. The rules define "[j]ail" as "[a] facility that is operated by or for a county government for the detention of persons for more than 48 hours, who are charged with or convicted of law violations." *Id.* The rules define "[l]ockup" as "[a] facility that is operated by or for a county government for detention for no longer than 72 hours of persons charged with or convicted of criminal offenses." *Id.* As both "jail" and "lockup" are facilities designed for detention, we conclude that the term "detention facility" encompasses both types of facilities, as well as other facilities where persons convicted of criminal offenses are detained (*e.g.*, low-risk facilities and county correctional centers).

37 T.A.C. § 273.1 (footnote added).[3] Accordingly, the commissioners court must provide a licensed physician or physicians to provide medical services to the county jails, if the circumstances and locality of the jails permit. We note that the commission's rule suggests that the physician not only be licensed to practice medicine, but be competent to "assume the responsibility as the director of medical services for the quality and availability of all medical services provided to jail inmates."[4]

## SUMMARY

A county commissioners court has the authority to contract with a licensed physician to provide medical services to inmates incarcerated in the county jails. A county sheriff has the authority to schedule medical services for the county jails.

Very truly yours,

DAN MORALES
Attorney General of Texas

---

[3]The 72d Legislature amended the Code of Criminal Procedure article 104.002(d) to require "[a] person who is or was a prisoner in a county jail and received medical, dental, or health related services from a county or a hospital district . . . to pay for such services when they are rendered." See Acts 1991, 72d Leg., ch. 434, § 1; see also Acts 1991, 72d Leg., ch. 14, § 284(19). If a prisoner cannot pay for the services because he or she is indigent, the county's responsibility is to assist the prisoner to apply for reimbursement pursuant to chapter 61 of the Health and Safety Code. Id. For purposes of this opinion, we assume that the newly amended article 104.002(d) only affects the county's duty to pay for the medical services prisoners in the county jails receive; the county commissioners court remains responsible for providing the medical services.

[4]A county sheriff has a duty to keep safely persons committed to the sheriff's custody. See Alberti v. Sheriff of Harris County, 406 F. Supp. 649, 669 (S.D. Tex. 1975). We do not address in this opinion the issue of whether a county sheriff who doubts the competency of a physician with whom the commissioners court has contracted may seek, in addition to other possible remedies, a declaratory judgment that the physician is incompetent to render medical services in the county jails.

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by Kymberly Oltrogge
Assistant Attorney General