COMMISSIONERS' COURT OF HAYS COUNTY, Texas, Appellant,

v.

DISTRICT JUDGE, 22ND JUDICIAL DISTRICT OF HAYS COUNTY, Texas, Appellee.

No. 12102.

Court of Civil Appeals of Texas, Austin.

Feb. 20, 1974.

Rehearing Denied March 20, 1974.

Grover Hartt, Jr., Hartt & Perry, Inc., Dallas, for appellant.

Douglass D. Hearne, Stayton, Maloney, Hearne, Babb & Cowden, Austin, Morgan, Gary & Klossner, San Marcos, for appellee.

O'QUINN, Justice.

The District Judge of the Twenty-Second Judicial District Court, a district comprising Hays, Caldwell, and Comal Counties, filed this lawsuit in March of 1973 seeking a writ of mandamus to compel the Commissioners' Court of Hays County to appropriate $22,800 as the county's proportional share of the district's Adult Probation Budget for the year 1973.

The Commissioners[1] denied any duty to fund the assessment, previously determined by the District Judge under the Texas Adult Probation and Parole Law (Art. 42.-12, Code of Criminal Procedure, sec. 10), because the Judge did not appear to seek the Commissioners' advice and consent in a public meeting called by the Commissioners in compliance with the Texas Open Meeting Law (Art. 6252–17, Vernon's Anno. Civ.Sts.; Acts 1967, 60th Leg., p. 597, ch. 271, as amended).

The Commissioners also filed a counterclaim seeking a writ of mandamus to compel the Judge to attend a public meeting of the Commissioners' Court to present his budget and the assessment proposed for Hays County.

The cause was tried in district court in Hays County before a jury and a presiding judge assigned from another district. Based on the verdict of the jury, the trial court entered judgment ordering a writ of mandamus to compel the Commissioners to comply with the District Judge's previous order and to appropriate and pay the sum of $22,800 as Hays County's proportional share of the 1973 Adult Probation for the Twenty-Second Judicial District.

We will affirm the judgment of the trial court.

The Commissioners have appealed and bring twenty-six points of error. These points fall generally into six groups, and will be examined and disposed of as so grouped.

The issue which is controlling of decision in this appeal is whether the trial court erred in its construction and application of Section 10 of Article 42.12, Code of Criminal Procedure, termed the Adult Probation and Parole Law (Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722).

The Act provides, in section 10, the manner in which budgets for conduct of local probation and parole programs shall be determined. The first sentence of section 10 states:

"For the purpose of providing adequate probation services, the district judge or district judges having original jurisdiction of criminal actions in the county or counties, if applicable, are authorized, with the advice and consent of the commissioners court as hereinafter provided, to employ and designate the titles and fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary to

---

[1]. The Commissioners' Court of Hays County, defendant below and appellant here, frequently will be referred to as the Commissioners.

District Judge Terry L. Jacks, plaintiff below and appellee on appeal, will be referred to as the District Judge.

conduct presentence investigations, supervise and rehabilitate probationers, and enforce the terms and conditions of probation."

Section 10 also prescribes the means by which salaries and other essential expenses as fixed by the district judge shall be paid:

"The salaries of personnel, and other expenses essential to the adequate supervision of probationers, *shall be paid from the funds of the county or counties comprising the judicial district* or geographical area served by such probation officers. In instances *where a district court has jurisdiction in two or more counties, the total expenses of such probation services shall be distributed approximately in the same proportion as the population in each county bears to the total population of all those counties,* according to the last preceding or any future Federal Census." (Emphasis added)

In this case, the District Judge who is appellee, prepared a detailed proposed budget for the Twenty-Second Judicial District for the year 1973. The budget for twelve months amounted to $66,158, but because January had been funded, at least in part, by other sources, the Judge reduced the total to $66,000 for the remaining eleven months. Budgets for the years 1970 and 1971 had been approximately $60,000 per year.

On the basis of population according to the applicable Federal census, the proportional share of Hays County was determined to be 38 percent of the total budget for the district in 1973, or $22,800 for Hays County, with the remaining part of the budget allocated to Caldwell and Comal Counties.

The District Judge furnished a copy of the budget, together with supporting data, to the county judge and to the auditor in the summer of 1972, and afterwards, on August 4, 1972, met with the county judge and the Commissioners in a "workshop" session to discuss the probation budget pre-pared by the Judge. At a later meeting, on August 14, 1972, the Commissioners' Court adopted a probation budget of $7,300 for 1973.

It is apparent from the testimony of the county judge and individual Commissioners at the trial that, acting as the Commissioners' Court of Hays County, the Commissioners declined to follow the statute requiring an allocation of shares in the budget burden on the basis of population and insisted instead that Hays County's share be based upon the number of probationers in the county. As witnesses, the Commissioners also suggested that the budget of $7,300, in lieu of the proposed budget of $22,800, complied with the statutory population test that "total expenses . . . be distributed *approximately* in the same proportion as the population . . ." (Emphasis added)

The Commissioners were without authority to reduce or alter the budget prepared and submitted by the District Judge in the absence of a showing that the proportional share of Hays County was not assigned "approximately in the same proportion as the population . . . [of Hays County] bears to the total population of all those counties . . ." of Hays, Caldwell, and Comal, which comprise the district, or that the proposed budget in some other substantial manner did not conform to the requirements of section 10 of Article 42.12. The Commissioners made no such showing and do not contend now that the District Judge, in preparing the budget and determining the proportional share of Hays County, failed to follow the mandate of the statute.

The Commissioners contended at the trial and on appeal argue that Hays County's share in the district budget should be based upon the cost of handling the probationer population and not fixed according to the proportion that the general population of the county, as reflected by the Federal census, bears to the total general population of the three-county district. The

statute does not admit of this method, and by specifying the mode of ascertaining the proportional shares of the counties, the Act forecloses a different or substitute formula.

The Commissioners' Court of Hays County acted without authority in rejecting the probation budget presented by the Judge of the Twenty-Second Judicial District and in refusing to provide for payment of the county's proportional share of $22,800. The substituted appropriation of $7,300 as Hays County's part of the budget did not constitute compliance with section 10 of Article 42.12, Code of Criminal Procedure.

The statute was construed by the Amarillo Court of Civil Appeals in Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex.Civ.App. Amarillo 1971, writ ref. n. r. e.), in which the court stated:

"It is certain that the manifest intent of the Legislature in enacting Art. 42.12 was to invest in the district judges great responsibility for carrying out a proper probation program in the respective judicial districts, and to empower them with the authority to do so. In conformity with the purpose and assigned responsibility, the Legislature, in Sec. 10, imposed upon the judges the further responsibility of appointing probation officers and designating their salaries."

In that case the court concluded that by inserting in the statute the phrase "with the consent and advice of the commissioners court as hereinafter provided," the Legislature intended that judges should consult with and seek the advice of the commissioners, but that once the probation program is determined, the "consent" required of the commissioners is to budget, appropriate and pay the expenditures established for the program "so long as the expenditures are necessary and reasonable to discharge the essential business of the court." The court also concluded that since the "presumption of necessity and reasonableness rests with the judges carrying responsibility for administration" of the probation program, in event of dispute the burden would be upon the commissioners to show that actions of the judge were so unreasonable, arbitrary or capricious as to amount to abuse of discretion.

■ We are of the view that by reference to "advice and consent of the commissioners," the Legislature did not intend to confer upon the commissioners the power of veto, nor was it intended that the commissioners' court would have authority to prepare its own probation budget in lieu of the budget prepared by the district judge in the manner required of him by the statute. The Legislature declared its purpose "to place wholly within the State courts of appropriate jurisdiction" responsibility for determining when sentences would be suspended, the conditions of probation, and the supervision to be placed upon probationers, and the further purpose of removing barriers "to effective systems of probations and paroles in the public interest." To leave the success or failure of the probation program, now placed in the hands of responsible "State courts of appropriate jurisdiction," to the will of commissioners' courts, which are not courts, would be to destroy the Act and defeat its expressed purposes.

To the end that a commissioners' court would have no power to fix the compensation of probation personnel, the Legislature provided in Article 3912k, Vernon's Anno. Civ.Sts., that authority of the commissioners to fix compensation, expenses, and allowances of employees paid wholly from county funds would not apply to "persons employed under Section 10, Article 42.12, Code of Criminal Procedure . . ." (Section 7(2), Art. 3912k; Acts 1971, 62nd Leg., p. 2019, ch. 622, eff. Jan. 1, 1972, carried forward in Acts 1973, 63rd Leg. p. 423, ch. 188, sec. 1 eff. May 25, 1973).

We consider this later expression by the Legislature in section 7(2) of Article 3912k to confirm the apparent intent in the

earlier enactment of Article 42.12 to place full responsibility for the probation budget and its content in the district judge and to deny the commissioners' court any authority to reject, alter or amend the budget as submitted to the commissioners by the judge.

In this case the District Judge attended a "workshop" meeting with the Commissioners' Court on August 4, 1972, by prearrangement with the Commissioners, at which the probation budget, previously furnished the Commissioners, was discussed but on which no final action was taken. Thereafter, the Commissioners' Court, at a public meeting held August 14, adopted its budget and reduced the District Judge's probation budget from $22,800 to $7,300.

The Commissioners contend on appeal that the meeting of August 4, not being called in conformity with the Open Meeting Law, was not a legal gathering of the Commissioners at which the District Judge could present his budget and seek the advice and consent of the Commissioners. The Commissioners urge that since the District Judge did not attend the subsequent meeting on August 14, which was called in compliance with the Open Meeting Law, the District Judge failed to obtain the advice and consent of the Commissioners.

We overrule these contentions and the points of error under which the contentions are made. The meeting of August 4, a "workshop" session at which the probation budget was discussed, did not result at that time in the taking of any final action by the Commissioners on the budget. Final action on the general budget, as well as the probation budget, was taken at the meeting of August 14, admittedly called and held in compliance with the Open Meeting Law. Section 10 of Article 42.12 requires the district judge to determine salaries and other expenses of the probation program and to distribute the proportional costs to the counties in the judicial district according to the Federal census. Nothing in the probation law or in the Open Meet-

ing Law requires this work to be performed at a public meeting. Final adoption of the budget must be performed by the commissioners' court in a meeting called and held in conformity with the Open Meeting Law, since this action comes within the requirements of the Act. Preliminary to the public meeting and final action of the commissioners' court to adopt the budget, conferences and discussions between the district judge and the commissioners, at which they advise with one another but the commissioners' court takes no conclusive action, do not come within the mandatory requirements of the Open Meeting Law.

We have thus far considered and disposed of the Commissioners' points of error designated First through Ninth, all concerned with the Open Meeting Law, and points Tenth through Twelfth, pertaining to the trial court's construction and application of Article 42.12 of the Criminal Procedure Code. We overrule all such points, First through Twelfth.

Appellant Commissioners' remaining points are the following:

Group A: Thirteenth, Fourteenth, Fifteenth, Eighteenth, and Nineteenth points directed at the trial court's action in overruling five special exceptions to the pleadings of the District Judge. The exceptions sought to require the Judge to allege in his petition certain facts with respect to the number of probationers in Hays County, the number of felony cases pending and the expected probation load for 1973 in Hays County.

The trial court properly overruled the special exceptions. The Commissioners themselves alleged such matters by way of defense and at the trial attempted to prove facts related to the number of probationers in Hays County during the period following adoption of the probation budget in August of 1972. The Probation and Parole Act requires the district judge to distribute financial responsibility among the counties on the basis of population and does not authorize allocation on the census

of probationers in each county. These points of error are overruled.

■ Group B: Sixteenth and Seventeenth points of error directed to the trial court's exclusion of evidence offered by the Commissioners to show a decrease in misdemeanor probationers in Hays County during a period beginning on October 1, 1972, after the budget for 1973 had been adopted in August.

The trial court did not err. The County Judge testified that beginning about October 1, 1972, he ceased sending reports of misdemeanor probationers to the probation officer and instead ordered the probationers to report periodically to the sheriff of the county. Section 5 of Article 42.13, Code of Criminal Procedure, provides for probationers to report to probation officers and to permit probation officers to visit the probationers. As heretofore stated, the allocation to the several counties of financial responsibility for the probation program can be made only on a basis of general population, and the number of probationers required in any county to report to probation officers may not be used in arriving at distribution among the counties of a judicial district to provide funding for the probation program. The points of error under the Commissioners' contention are overruled.

■ Group C: Twentieth, Twenty-first, Twenty-second, and Twenty-third points of error directed at the trial court's refusal to submit a requested special issue and in overruling objections to issues submitted by the court.

The record shows that early in 1973, after the Commissioners' Court had adopted a 1973 probation budget in August of 1972 reducing the Hays County allocation from $22,800 to $7,300, the District Judge elected to discontinue the adult probation program in Hays County. At the trial the Commissioners requested a special issue to elicit a jury's answer as to whether this action was arbitrary and capricious.

The trial court properly refused to submit the issue. A favorable answer would not have afforded any relief to the Commissioners, as the issue did not relate in any manner to the acts of the District Judge in preparing and presenting the probation budget in performance of his duties under section 10 of Article 42.12 of the Criminal Procedure Code. The trial court did submit an issue inquiring whether the District Judge, prior to August 14, 1972, "acted in an arbitrary and capricious manner in setting the sum of $22,800 as Hays County's share of the Adult Probation budget for the 22nd Judicial District." The jury found favorably to the District Judge. The Commissioners assign no error connected with submission of the issue.

■ The Commissioners objected to the following issue which the trial court submitted:

"Do you find from a preponderance of the evidence that the Plaintiff [Appellee District Judge] met with the Defendants [Appellant Commissioners and County Judge] on August 4, 1972, to present the 1973 Adult Probation budget for the 22nd Judicial District and received the Defendants' advice concerning the budget?"

The Commissioners' objections were that the issue was not supported by the pleadings, that the word "consent" was omitted, and that as stated, the issue denied the Commissioners the right to open and close under Rule 266, Texas Rules of Civil Procedure.

By trial amendment the District Judge pleaded that the parties met on August 4, 1972 "for the purpose of advising with each other concerning" the probation budget, and that the "meeting for the purpose of advising and consenting with each other, was made by prior arrangements between" the parties. The Commissioners did not except or object to the trial amendment.

Under the rule of Commissioners Court of Lubbock County v. Martin (471 S.W.2d

108), " . . . the 'consent' required of the commissioners court is to budget, appropriate and pay the expenditures established . . . " in the budget submitted by the district judge. In the case at bar the Commissioners contend no final action to give consent and adopt the probation budget could have been given at the meeting of August 4 because not called in conformity with the Open Meeting Law. The trial court limited inquiry in the issue submitted to the question of meeting on August 4 "for the purpose of *advising* with each other concerning" the budget, as pleaded by the District Judge in his trial amendment. It is undisputed that the Commissioners did not give their consent, either at the meeting of August 4 or at the public meeting later on August 14.

The Commissioners further complain that the issue as submitted deprived them of the right to open and close argument. It is doubtful that the Commissioners adequately advised the trial court of the error claimed, as required by Rule 274, Texas Rules of Civil Procedure, in that in their objections to the charge they relied on Rule 266, Texas Rules of Civil Procedure, to establish the right to open and close argument. Rule 266 was inapplicable since under the pleadings the burden of proof remained in the District Judge as plaintiff throughout the trial, and the Commissioners failed to file the requisite admission. In their objections to the charge the Commissioners stated, "By giving this evidentiary issue, with the burden of proof on the Plaintiff [District Judge], this valuable right [to open and close argument] is being denied to the Defendants [Commissioners]." On appeal the Commissioners contend, "By placing the burden of proof on the Appellants this denied them the valuable right to open and close argument," and for the first time cite Rule 269, Texas Rules of Civil Procedure.

We have carefully examined the record and conclude that the Commissioners have failed to show that any error committed by the trial court in submitting the issue resulted in rendition of an improper judgment so as to require reversal under Rule 434, Texas Rules of Civil Procedure. The jury, in response to the two issues submitted, found that the District Judge met with the Commissioners on August 4 to present his probation budget and received the Commissioners' advice on that occasion concerning the budget, and that prior to the meeting of August 14 the District Judge did not act in an arbitrary and capricious manner in setting the sum of $22,800 as Hays County's share of the budget for the three-county judicial district. The evidence found in the record clearly supports the jury's findings. Failure of the trial court to permit the Commissioners to open and close argument, even if error, could not have resulted in the rendition of an improper judgment.

Points of error urged under these contentions of the Commissioners are overruled.

■ Group D: Twenty-fourth, Twenty-fifth, and Twenty-sixth points of error complain that the trial court should have granted the Commissioners' amended motion for new trial, which was accompanied by the affidavit of the County Judge of Hays County that the District Judge, after judgment had been entered, withdrew the $7,300 previously appropriated by the Commissioners' Court.

The basis for the Commissioners' contention is that the action of the District Judge in withdrawing the funds to meet some of the expenses of the probation program constituted newly discovered evidence of such nature as to require a new trial.

We consider the contention without merit and the points of error under which the complaint is urged are overruled.

The judgment of the trial court is in all things affirmed.

Affirmed.