

# The Attorney General of Texas

December 19, 1978    *RQ-2008*

**JOHN L. HILL**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable William A. Meitzen
Criminal District Attorney
Fort Bend County Courthouse
Richmond, Texas 77469

Opinion No. H- 1296

Re:  Whether the commissioners court is required to approve a budget submitted by the juvenile board under article 5142d.

Dear Mr. Meitzen:

You have asked if a county commissioners court is required to approve a budget prepared by the county juvenile board under article 5142d for the county probation department. Article 5142d provides:

> The Commissioners Courts of all counties in which Juvenile Officers or Probation Officers, or their assistants, are employed under existing laws of this State, shall fix the salaries to be paid such Juvenile Officers or Probation Officers and their assistants, and provide for their expenses, without limitation. Provided, that in counties where there is a Juvenile Board, said Board shall recommend the salary to be paid to such Juvenile Officer or Probation Officer and their assistants, which salary shall be approved by the Commissioners Court. . . .

You urge that the reasoning of Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. — Amarillo 1971, writ ref'd n.r.e.) and Commissioners Court of Hays County v. District Judge, 506 S.W.2d 630 (Tex. Civ. App. — Austin 1974, writ ref'd n.r.e.) suggests that the commissioners court is required to adopt the budget and salaries prepared by the juvenile board unless there is an abuse of discretion on the part of the board. These cases construed section 10 of article 42.12, Code of Criminal Procedure, which at that time indicated that the district judge was authorized "with the advice and consent of commissioners court as hereinafter provided, to employ and designate the titles and fix the salaries of probation officers." This statute was construed in conjunction with section 1 of article 42.12 which provided that it was the legislature's purpose "to place wholly within the state courts of appropriate jurisdiction the responsibility for ... the supervision of

p. 5110

probationers." Both the Amarillo and Austin courts construed this language to put responsibility for fixing the budget in the district judge with the responsibility of the commissioners court being to budget, appropriate and pay the expenditures established in the budget so long as the judge's actions were not unreasonable, arbitrary or capricious so as to amount to an abuse of discretion.

Article 5142d, however, provides quite a different statutory standard. There is no provision to indicate that responsibility for juvenile officers is placed wholly within the authority of the juvenile court. Rather than specifically indicating that the salaries are to be fixed by the judiciary, article 5142d indicates that they are to be "recommended" by the juvenile board. Since the statute clearly provides that the board is to recommend rather than to fix the salary, we do not believe that the commissioners court is required to approve the salary recommended.

## S U M M A R Y

The commissioners court is not required to approve a salary or budget recommended by a juvenile board under article 5142d, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn