

# The Attorney General of Texas

September 14, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Henry Wade
District Attorney
Sixth Floor, Records Building
Dallas, Texas 75202

Opinion No. H-1243

Re: Whether the county clerk is required to mail notice required by section 36.13(e) of the Business and Commerce Code when the commissioners court has declined to appropriate money for that purpose.

Dear Mr. Wade:

You have requested our opinion regarding the duty of the county clerk to mail the notice required by section 36.13(e) of the Business and Commerce Code. That statute provides:

> The county clerk of each county shall notify in writing each person that has conducted a business under an assumed name and for which an assumed name certificate has been filed in the office of that clerk pursuant to Articles 5924 and 5924.1, Revised Civil Statutes of Texas, 1925, prior to the effective date of this chapter, that under the provisions of Subsection (d) of this section the certificate shall become null and void after December 31, 1978, unless a new certificate is filed that complies with the provisions of this chapter. The written notice shall be effective by being deposited with the United States Postal Service, addressed to the name of the business at the office address given in the certificate as last filed.

(Emphasis added). Section 36.13(e) clearly requires the county clerk to provide a mailed written notice to each assumed name certificate holder, the number of which you estimate to be 140,000. You state that the clerk has requested an additional appropriation of $22,100 to cover expenditures required by the statute, of which $14,100 represents the cost of postage, but

that the Commissioners Court of Dallas County has declined to make any funds available for this purpose. You ask whether, in these circumstances, the clerk must comply with the statutory requirement.

Section 36.13(e) directs the clerk, in absolute terms, to furnish the requisite notice. In Attorney General Opinion H-595 (1975), we held that, where a statute requires the sheriff to "execute all process," an "inadequate operating budget will not excuse [his] failure to execute process directed to him." In our opinion, this principle is equally applicable to your inquiry. The clerk cannot be relieved of his duty under the statute merely because his budget is limited.

On the other hand, we believe it is the duty of the commissioners court to provide adequate funding to enable a county officer to carry out a statutory directive. In Attorney General Opinion H-499 (1975), we held that a commissioners court is "under a duty to budget and order paid the amount of any reasonable attorney's fees properly set by a criminal court judge pursuant to article 26.05" of the Code of Criminal Procedure. In Attorney General Opinion H-544 (1975), a commissioners court refused to pay the expenses of a court of inquiry. We said that a district judge having statutory authority to conduct a court of inquiry may obligate a county to pay any reasonable expenses related thereto.

Since the clerk is himself without authority to incur any expense on behalf of the county without the approval of the commissioners court, we believe that his alternative is to seek judicial relief, in the form of mandamus seeking to direct the commissioners court to appropriate funds for fulfilling the statutory requirement. In Commissioners Court of Hays County v. District Judge, 22d Judicial Dist., 506 S.W.2d 630 (Tex. Civ. App. — Austin 1974, writ ref'd n.r.e.), a statute authorized a district judge to fix the salaries of probation officers, who were then to be paid from county funds. When the commissioners court refused to provide the full amount requested, the judge sought, by mandamus, to compel it to appropriate the specified sum. The trial court's order granting mandamus was upheld by the appellate court.

You also ask about the liability of the county clerk for noncompliance with the terms of section 36.13(e). Although the Business and Commerce Code imposes no liability on the clerk for failure to comply, such omission might constitute an offense under section 39.01 of the Penal Code. In addition, the clerk might be liable to a potential recipient of the statutory notice who was injured by the clerk's omission. Whether civil or criminal liability would arise in any particular instance of course requires a determination of facts which are not before us.

## SUMMARY

A county clerk has a duty to provide mailed written notice to all assumed name certificate holders under section 36.13(e) of the Business and Commerce Code, and he is not

p. 4947

relieved of this duty because of budget limitations. It is the duty of the commissioners court to furnish the clerk with funds sufficient to carry out his responsibilities under the statute.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn