

# The Attorney General of Texas

May 1, 1979

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Steve Simmons
District Attorney
El Paso County Courthouse
El Paso, Texas

Opinion No. MW-15

Re: Whether the commissioners court is required to approve salaries designated by the juvenile board under article 5142b.

Dear Mr. Simmons:

You have asked if the commissioners court of a county operating under article 5142b, V.T.C.S., is required to approve the budget for compensation of juvenile probation officers submitted by the juvenile board.

Article 5142b provides in part:

> Section 3. ... The number of such Assistant Probation Officers shall be determined by the Juvenile Board subject to the approval of the Commissioners Court, provided such power of appointment and confirmation shall become effective immediately upon final passage of this Act, and the budget shall be amended, if necessary, to provide sufficient funds for the operation of this Act.

> ....

> Section 5. The compensation of all probation officers shall be fixed by the Juvenile Board subject to the approval of the County Commissioners Court, which shall be not less than Three Thousand, Six Hundred Dollars ($3,600) per annum for the Chief Probation Officer, and not less than One Thousand, Eight Hundred Dollars ($1,800) per annum for Assistants or Deputies.

An identical statutory formulation, article 332a, V.T.C.S., was considered in Attorney General Opinion H-908 (1976). There it was said that the salaries set by the appointing officer were not final but were conditioned

upon the approval of the commissioners court.  While the commissioners court could not fix a salary itself, it could disapprove a salary fixed by the appointing officer.  We believe the language of article 5142b requires the same result.  See also Attorney General Opinion H-1296 (1978).

It has been suggested that Commissioners Court of Hays County v. District Judge, 22nd Judicial District of Hays County, 506 S.W.2d 630 (Tex. Civ. App. — Austin 1974, writ ref'd n.r.e.); Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. — Amarillo 1971, writ ref'd n.r.e.) and Attorney General Opinion M-393 (1969) require an opposite result.  Each involved the appointment of adult probation officers under section 10 of article 42.12, Code of Criminal Procedure, and each concluded that the commissioners court was not authorized to reject a budget submitted by the district judge unless the budget was so unreasonable, arbitrary or capricious that it would amount to an abuse of discretion.  The language relating to the commissioners court's duty in those cases was ambiguous, and in each instance the Attorney General or the courts relied on the rest of the act to ascertain the legislative intent.  The statute specifically indicated that this purpose was to place responsibility for probation supervision wholly within the state courts.  There is neither a similar ambiguity in article 5142b nor similar language which would broaden the responsibility of the juvenile board.

Accordingly, it is our opinion that a commissioners court operating under 5142b has the authority to decline to approve a budget for compensation of juvenile probation officers submitted by the juvenile board.

### SUMMARY

Under article 5142b, V.T.C.S., the budget for compensation of juvenile probation officers submitted by the juvenile board is subject to the approval of the commissioners court.

Very truly yours,

MARK  WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by C. Robert Heath
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Scott Garrison
Rick Gilpin
William G Reid
Bruce Youngblood