

# The Attorney General of Texas

November 13, 1981

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Julio Garcia
District Attorney
Dimmit, Zapata & Webb Counties
P. O. Box 1343
Laredo, Texas.  78040

Opinion No. MW-390

Re: Whether meeting called by district judge and attended by county judge and two county commissioners is subject to the Open Meetings Act

Dear Mr. Garcia:

You ask whether a particular conference was held in violation of the Open Meetings Act, article 6252-17, V.T.C.S.  The essential facts are as follows:

On July 16, 1981, the district judge of the 49th Judicial District convened a conference in his office.  You state that the purpose of this conference was to "present possible alternatives and suggestions to combat the economic crisis facing Webb County."  Among those in attendance were the county judge and two county commissioners of Webb County.

Section 3A of article 6252-17 requires public notice of impending meetings of governmental bodies.  Your letter is accompanied by copies of public notices of certain meetings; there is, however, no indication that public notice of the July 16 gathering was ever provided.

The following provisions of the Open Meetings Act are relevant to your question:

Section 1.  As used in this Act:

(a) 'Meeting' means any deliberation between a quorum of members of a governmental body at which any public business or public policy over which the governmental body has supervision or control is discussed or considered, or at which any formal action is taken....

(b) 'Deliberation' means a verbal exchange between a quorum of members of a governmental body attempting to arrive at a decision on any public business.

(c) 'Governmental body' means... every Commissioners Court... .

(d) 'Quorum' unless otherwise defined by constitution, charter, rule or law applicable to such governing body, means a majority of the governing body.

Sec. 2. (a) Except as otherwise provided in this Act or specifically permitted in the Constitution, every regular, special, or called meeting or session of every governmental body shall be open to the public; and no closed or executive meeting or session... shall be held unless...,

Sec. 3A. (a) Written notice of the date, hour, place, and subject of each meeting held by a governmental body shall be given before the meeting as prescribed by this section, and any action taken by a governmental body at a meeting on a subject which was not stated on the agenda in the notice posted for such meeting is voidable....

Sec. 4. (a) Any member of a governing body who wilfully calls or aids in calling or organizing a special or called meeting or session which is closed to the public, or who wilfully closes or aids in closing a regular meeting or session to the public, or who wilfully participates in a regular, special, or called meeting or session which is closed to the public where a closed meeting is not permitted by the provisions of this Act, shall be guilty of a misdemeanor....

(b) Any member or group of members of a governing body who conspire to circumvent the provisions of this Act by meeting in numbers less than a quorum for the purpose of secret deliberations in contravention of this Act shall be guilty of a misdemeanor.... (Emphasis added).

You suggest that this conference was not held in violation of the Open Meetings Act because the members of the commissioners court did not participate in calling it, see section 4(a), (b), or engage in "deliberations" as that term is defined in section 1(b).

We must first determine whether this gathering constituted a "meeting" as defined in section 1(a). As noted, a quorum, i.e., majority, of the members of a governing body must be present for there to be a "meeting" within the meaning of this section.

Article V, section 18 of the Texas Constitution provides in pertinent part that:

> The County Commissioners so chosen, with the County Judge as presiding officer, shall compose the County Commissioners Court....

Article 2342, V.T.C.S., provides that:

> The several commissioners, together with the county judge, shall compose the 'Commissioners Court,'....

Article 2343, V.T.C.S., states that:

> (a) Any three members of the court, including the county judge, constitute a quorum for the transaction of any business except that of....

These provisions establish that the county judge is part of the commissioners court, and that the presence of three or more members of said court, including the county judge, constitutes a "quorum" of the court. Inasmuch as the county judge and two commissioners were present at the July 16 conference, a "quorum" of the commissioners court was clearly in attendance at that conference.

With regard to the portion of section 1(a) which establishes the prerequisites of a "meeting," Commissioners' Court of Hays County v. District Judge, 22nd Judicial District of Hays County, 506 S.W.2d 630 (Tex. Civ. App. - Austin 1974, writ ref'd n.r.e.), is cited to us for the proposition that the Open Meetings Act is not violated where the commissioners court meets but does not take any conclusive action. It is true that this case stands for this proposition. When the particular meeting at issue in the Commissioners' Court case was held on August 4, 1972, however, the definition of "meeting" now contained in the Open Meetings Act was not in effect. The present definition, which makes it clear that the act is violated if final action is taken or if public business or policy over which the governmental body in question has supervision or control is discussed or considered, became operative on January 1, 1974. See Acts 1973, 63rd Leg., ch. 31 at 45. The Commissioners' Court case is, therefore, of no help here.

With respect to your argument that sections 4(a) and (b) were not violated because the commissioners court did not participate in calling the July 16 conference, we note that participation in calling an illegal meeting is not necessarily determinative of whether those sections have been violated. Section 4(a) also embraces those who

wilfully participate in an illegally-held closed meeting, whether they join in calling it or not.

To summarize: (1) a quorum of the commissioners court was present at the July 16 conference, and therefore "a quorum of a governmental body" was present within section 1(a) of the act; (2) whether final action is taken is not determinative of whether an article 6252-17 "meeting" has taken place; and (3) one need not participate in calling an illegal meeting in order to be within section 4(a) of the act.

These conclusions are essential to the resolution of your question. In order to determine whether the July 16 conference was held in violation of the Open Meetings Act, however, we would have to make several findings of fact, and the resolution of fact questions is outside the scope of the opinion process. Under section 1(a), a "deliberation" is an essential element of a "meeting". See sec. 1(b). On the facts given we cannot determine whether any "deliberations" took place. Section 4(a) provides that a violation occurs when a member "wilfully" participates in an illegally closed meeting. Whether any of the commissioners' court members wilfully participated in an illegally closed meeting in this instance is a fact question.

## S U M M A R Y

The presence of the county judge and two members of the commissioners court at an assembly constitutes a "quorum" of the court for purposes of article 6252-17, V.T.C.S. Whether final action is taken is not determinative of whether a "meeting" has occurred within that statute. One need not participate in calling an illegally closed meeting to be subject to the penalty provisions of section 4(a) of the statute. The question of whether the particular conference at issue here violated the statute is a fact question which is beyond the scope of the opinion process.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. PAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Jim Moellinger
Bruce Youngblood