

# The Attorney General of Texas

December 31, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Tom Wells, III
Lamar County Attorney
Courthouse
Paris, Texas    75460

Opinion No.   MW-587

Re:    Salary   of   Lamar   County
Juvenile Probation Officers

Dear Mr. Wells:

You  have  asked  if  the  Lamar  County  Commissioners  Court  is required to approve the salary of the juvenile probation officer as established by the county juvenile board.

Prior to the passage of article 5138d, V.T.C.S., in 1981, article 5142 et seq. governed the salaries of juvenile probation officers of particular jurisdictions.  Article 5142d provides that juvenile boards "shall recommend the salary to be paid to [the] Juvenile Officer... which  salary  shall  be  approved  by  the  Commissioners  Court...." (Emphasis added).  Under this provision, salaries set by the juvenile board  are  not  final  but  conditioned  upon  the  approval  of  the commissioners  court.    Attorney  General  Opinion  H-1296  (1978).  See also Attorney General Opinion MW-15 (1979) (same result for counties covered by article 5142b, which provides that salaries be "fixed by the Juvenile Board subject to the approval of the County Commissioners Court").

However, in 1981 the Texas Legislature acted to improve juvenile probation  services  throughout  the  state.    As  a  counterpart  to  the Adult  Probation  Commission,  see  Code  of  Criminal  Procedure  article 42.121, the Texas Juvenile Probation Commission was created to provide state aid to local juvenile boards and to set standards for probation officers.  See Human Resources Code §75.001 et seq.  In addition, the legislature  provided  for  the  establishment  of  county  juvenile probation  departments  by  enacting  article  5138d,  which  reads  in pertinent part:

> (b)  In all Texas counties, the juvenile board or, if there is none, the juvenile court may, with the advice and consent of the commissioners court, employ  and  designate  the  titles  and  fix  the salaries  of  probation  officers  and  of administrative,  supervisory,  stenographic,  and

> other clerical personnel who are necessary to provide juvenile probation services according to the standards established by the Texas Juvenile Probation Commission and the needs of the local jurisdiction as determined by the juvenile board or, if there is none, the juvenile court. <u>This determination, if inconsistent with salaries established by laws governing the creation of a juvenile probation department for a particular jurisdiction, supersedes and controls over those statutory provisions.</u> (Emphasis added).

The legislature thus expressly provides that the compensation established under article 5138d overrules salary determinations made under all other statutory provisions -- including article 5142d.

In <u>Commissioners Court of Lubbock County v. Martin</u>, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.) and <u>Commissioners Court of Hays County v. District Judge</u>, 506 S.W.2d 630 (Tex. Civ. App. - Austin 1974, writ ref'd n.r.e.), the courts construed an almost identical standard for setting the salaries of adult probation officers under article 42.12, section 10 of the Code of Criminal Procedure. At that time, article 42.12, section 10 provided:

> [T]he district judge or district judges... are authorized, with the advice and consent of the commissioners court as hereinafter provided, to employ and designate the titles and fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary....

Given the legislative purpose to create district-wide probation services and the intent to place the responsibility for probation supervision within the district courts, the courts concluded that this statutory language required the judges merely to consult with the commissioners court in preparing the probation services budget; the commissioners court was not authorized to reject the budget submitted by the district judges unless the budget was so unreasonable, arbitrary, or capricious as to amount to an abuse of the judges' discretion. 471 S.W.2d 107-08. <u>See also</u> <u>Commissioners Court of Hays County</u>, <u>supra</u>, at 635; Attorney General Opinion M-393 (1969).

In enacting statutes, the legislature is presumed to have taken notice of court decisions construing prior analogous statutes; judicial construction of similar language will be read into subsequent statutes. <u>United Savings Association of Texas v. Vandygriff</u>, 594 S.W.2d 163, 169 (Tex. Civ. App. - Austin 1980, writ ref'd n.r.e.). We are therefore of the opinion that article 5138d confers upon juvenile

boards (the administrative units of the judiciary), or in the absence of such boards, the juvenile courts themselves, the same authority to fix the salaries of juvenile probation personnel that the adult probation statute conferred upon district judges regarding the salaries of adult probation personnel. This conclusion is in accord with recent Texas court decisions which recognize the inherent power of a court to compel the payment of reasonable sums of money needed to carry out judicial responsibilities, independently of the other branches of government. See Vondy v. Commissioners Court of Uvalde County, 620 S.W.2d 104, 109-10 (Tex. 1981); Commissioners Court of Lubbock County v. Martin, supra, at 110 (district court would have the power to appoint probation personnel and set their salaries if such action is necessary for the effective administration of the court's business). See also Noble County Council v. State, 125 N.E.2d 709, 714 (Ind. 1955).

## S U M M A R Y

The commissioners court must budget and pay the salary of the juvenile probation officer as set by the juvenile board or juvenile court, absent a clear abuse of discretion.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Patricia Hinojosa
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
George Gray
Patricia Hinojosa
Jim Moellinger