Honorable Tom Wells, III Lamar County Attorney Courthouse Paris, Texas 75460
Re: Salary of Lamar County Juvenile Probation Officers
Dear Mr. Wells:
You have asked if the Lamar County Commissioners Court is required to approve the salary of the juvenile probation officer as established by the county juvenile board.
Prior to the passage of article 5138d, V.T.C.S., in 1981, article 5142 et seq. governed the salaries of juvenile probation officers of particular jurisdictions. Article 5142d provides that juvenile boards `shall recommend the salary to be paid to [the] Juvenile Officer . . . which salary shall be approved by the Commissioners Court . . . .' (Emphasis added). Under this provision, salaries set by the juvenile board are not final but conditioned upon the approval of the commissioners court. Attorney General OpinionH-1296 (1978). See also Attorney General Opinion MW-15 (1979) (same result for counties covered by article 5142b, which provides that salaries be `fixed by the Juvenile Board subject to the approval of the County Commissioners Court').
However, in 1981 the Texas Legislature acted to improve juvenile probation services throughout the state. As a counterpart to the Adult Probation Commission, see Code of Criminal Procedure article 42.121, the Texas Juvenile Probation Commission was created to provide state aid to local juvenile boards and to set standards for probation officers. See Human Resources Code §75.001 et seq. In addition, the legislature provided for the establishment of county juvenile probation departments by enacting article 5138d, which reads in pertinent part:
 (b) In all Texas counties, the juvenile board or, if there is none, the junvenile court may, with the advice and consent of the commissioners court, employ and designate the titles and fix the salaries of probation officers and of administrative, supervisory, stenographic, and other clerical personnel who are necessary to provide juvenile probation services according to the standards established by the Texas Juvenile Probation Commission and the needs of the local jurisdiction as determined by the juvenile board or, if there is none, the juvenile court. This determination, if inconsistent with salaries established by laws governing the creation of a juvenile probation department for a particular jurisdiction, supersedes and controls over those statutory provisions. (Emphasis added).
The legislature thus expressly provides that the compensation established under article 5138d overrules salary determinations made under all other statutory provisions — including article 5142d.
In Commissioners Court of Lubbock County v. Martin,471 S.W.2d 100 (Tex.Civ.App.-Amarillo 1971, writ ref'd n.r.e.) and Commissioners Court of Hays County v. District Judge,506 S.W.2d 630 (Tex.Civ.App.-Austin 1974, writ ref'd n.r.e.), the courts construed an almost identical standard for setting the salaries of adult probation officers under article 42.12, section 10 of the Code of Criminal Procedure. At that time, article 42.12, section 10 provided:
 [T]he district judge or district judges . . . are authorized, with the advice and consent of the commissioners court as hereinafter provided, to employ and designate the titles and fix the salaries of probation officers, and such administrative, supervisory, stenographic, clerical, and other personnel as may be necessary. . . .
Given the legislative purpose to create district-wide probation services and the intent to place the responsibility for probation supervision within the district courts, the courts concluded that this statutory language required the judges merely to consult with the commissioners court in preparing the probation services budget; the commissioners court was not authorized to reject the budget submitted by the district judges unless the budget was so unreasonable, arbitrary, or capricious as to amount to an abuse of the judges' discretion. 471 S.W.2d 107-08. See also Commissioners Court of Hays County, supra, at 635; Attorney General Opinion M-393 (1969).
In enacting statutes, the legislature is presumed to have taken notice of court decisions construing prior analogous statutes; judicial construction of similar language will be read into subsequent statutes. United Savings Association of Texas v. Vandygriff, 594 S.W.2d 163, 169 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.). We are therefore of the opinion that article 5138d confers upon juvenile boards (the administrative units of the judiciary), or in the absence of such boards, the juvenile courts themselves, the same authority to fix the salaries of juvenile probation personnel that the adult probation statute conferred upon district judges regarding the salaries of adult probation personnel. This conclusion is in accord with recent Texas court decisions which recognize the inherent power of a court to compel the payment of reasonable sums of money needed to carry out judicial responsibilities, independently of the other branches of government. See Vondy v. Commissioners Court of Uvalde County,620 S.W.2d 104, 109-10 (Tex. 1981); Commissioners Court of Lubbock County v. Martin, supra, at 110 (district court would have the power to appoint probation personnel and set their salaries if such action is necessary for the effective administration of the court's business). See also Noble County Council v. State, 125 N.E.2d 709, 714 (Ind. 1955).
 SUMMARY
The commissioners court must budget and pay the salary of the juvenile probation officer as set by the juvenile board or juvenile court, absent a clear abuse of discretion.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Patricia Hinojosa Assistant Attorney General