

# The Attorney General of Texas

April 11, 1984

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Jim Bob Darnell
Criminal District Attorney
2nd Floor
Lubbock County Courthouse
P. O. Box 10536
Lubbock, Texas   79408

Opinion No.   JM-144

Re:   Whether a rule of the Texas Juvenile Probation Commission violates the Texas Constitution or statutes

Dear Mr. Darnell:

You have asked whether the

> Texas Juvenile Probation Commission standard section 341.4(d), which requires juvenile probation officers to be paid not less than adult probation officers in the county or district, violates either the Texas statutes or constitution.

Texas Juvenile Probation Commission Standard section 341.4(d) provides, in pertinent part, that

> [the] juvenile board shall ensure that all salary levels of juvenile probation department personnel are reasonable and comparable with prevailing salaries of the public and private sectors, in the respective county or district, but in no case will the salary scale for juvenile probation officers be less than the salary scale for adult probation officers.

In 1981, the Texas Legislature enacted chapter 75 of the Texas Human Resources Code and article 5138d, V.T.C.S., in the same bill to improve the juvenile justice system by improving the effectiveness of probation services, providing financial aid from the state to juvenile boards for probation services, and establishing uniform probation administration standards.  See Texas Human Resources Code §75.001.

The pertinent part of article 5138d reads as follows:

> (b)  In all Texas counties, the juvenile board . . . may, with the advice and consent of

> the commissioners court, employ and designate the titles and fix the salaries of probation officers . . . according to the standards established by the Texas Juvenile Probation Commission and the needs of the local jurisdiction as determined by the juvenile board . . . . This determination, if inconsistent with salaries established by laws governing the creation of a juvenile probation department for a particular jurisdiction, supersedes and controls over those statutory provisions.

Prior to 1981, several statutes provided that compensation of juvenile probation officers would be fixed by certain juvenile boards "subject to the approval of the commissioners court." Such statutes were interpreted as authorization to the commissioners court to reject the compensation set by the juvenile board and to refuse necessary approval of a budget submitted by the juvenile board for the compensation of juvenile probation officers. See V.T.C.S. arts. 5142b, 5142c, 5142d; Attorney General Opinion MW-15 (1979). The enactment of article 5138d in 1981 impliedly repealed those prior statutes to the extent of conflict. If a conflict exists between two statutes, the earlier enactment is repealed by the later. See Stevens v. State, 159 S.W. 505, 507 (Tex. Crim. App. 1913). Also, in Attorney General Opinion MW-587 (1982), this office determined that article 5138d expressly overrules salary determinations made under those prior statutes, and we agree with that conclusion.

Section 75.041 of the Texas Human Resources Code directs the Texas Juvenile Probation Commission to promulgate reasonable rules for juvenile boards establishing minimum standards for personnel, staffing, case loads, programs, facilities, record keeping, equipment, and other aspects of the operation of a juvenile board necessary for the provision of adequate and effective probation services.

The provision in standard section 341.4(d) requiring juvenile probation officers to be paid not less than adult probation officers is such a "standard established by the Texas Juvenile Probation Commission." In Attorney General Opinion MW-587, this office concluded that the language in article 5138d confers on juvenile boards the same authority to fix the salaries of juvenile probation personnel that the adult probation statute (article 42.12, section 10, Code Criminal Procedure), confers on district judges regarding the salaries of adult probation personnel. In other words, the controlling statute, article 5138d, provides for consultation with the commissioners court by the juvenile board in fixing the salaries of juvenile probation officers, but it does not authorize the commissioners court to reject the compensation set by the juvenile board in accordance with standards established by the Texas Juvenile

Probation Commission, unless there is clear abuse of discretion. See Commissioners Court of Hays County v. District Judge, 506 S.W.2d 630 (Tex. Civ. App. - Austin 1974, writ ref'd n.r.e.); Commissioners Court of Lubbock County v. Martin, 471 S.W.2d 100 (Tex. Civ. App. - Amarillo 1971, writ ref'd n.r.e.). Accordingly, we conclude that Texas Juvenile Probation Commission Standard, section 341.4(d) is authorized by Texas statutes.

It is well established that a county has only those powers or duties which specifically are conferred on it by the constitution and statutes of this state. See Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Renfro v. Shropshire, 566 S.W.2d 688, 690 (Tex. Civ. App. - Eastland 1978, writ ref'd n.r.e.); Harrison County v. City of Marshall, 253 S.W.2d 67, 69 (Tex. Civ. App. - Fort Worth 1952, writ ref'd).

Article V, section 18 of the Texas Constitution vests the commissioners court with "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." Neither article V, section 18, nor any other provision of the constitution, precludes the legislature from committing any county business to some other agency. Garrett v. Commissioners Court of Limestone County, 230 S.W. 1010, 1016 (Tex. Civ. App. - Dallas 1921), ref'd on other grounds, 236 S.W. 970. Article XVI, section 61 of the Texas Constitution, which relates to compensation for certain district and county officers on a salary basis, as distinguished from a fee basis, is not applicable to the constitutionality of standard 341.4(d).

Further, article III, section 44 of the Texas Constitution provides that "the legislature shall provide by law for the compensation of all officers, servants, agents and public contractors not provided for in this constitution." The duty of providing for compensation by law rests solely with the legislature, but section 44 does not prevent the legislature from empowering other authorities to determine salaries, as long as it provides guidelines capable of reasonable application. The fixing of the exact sum of compensation is a constitutionally delegable right. See In re Johnson, 554 S.W.2d 775 (Tex. Civ. App. - Corpus Christi 1977, writ ref'd n.r.e.) 569 S.W.2d 882; Commissioners Court of Lubbock County v. Martin, supra, at 105. The provisions of chapter 75 of the Human Resources Code and article 5138d, which authorize juvenile boards to fix the salaries of juvenile probation officers according to the needs of the local jurisdictions and the uniform standards which the legislature directed the Texas Juvenile Probation Commission to establish, constitute such a delegation of the power to set compensation. Therefore, we believe the statutes authorizing the promulgation of Texas Juvenile Probation Commission Standard section 341.4(d) are a constitutional delegation of authority by the legislature.

S U M M A R Y

Texas Juvenile Probation Commission Standard
section 341.4(d), which requires that juvenile
probation officers not be paid less than adult
probation officers in the county or district,
violates neither Texas statutes nor the Texas
Constitution.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Nancy Sutton
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton