April 5, 2010

Dr. Carl A. Montoya
Chair, Texas School Safety Center Board
Brownsville Independent School District
1900 Price Road
Brownsville, Texas 78521-2417

Opinion No. GA-0767

Re: Authority of the Board of Directors of the Texas School Safety Center under various provisions of subchapter G, chapter 37, Texas Education Code (RQ-0835-GA)

Dear Dr. Montoya:

The Legislature established the Texas School Safety Center (the "Center") as a permanent entity in 2001 to serve as "a central location for school safety information . . . and a resource for the prevention of youth violence and the promotion of safety in the state."[1] TEX. EDUC. CODE ANN. § 37.202 (Vernon Supp. 2009). The Center is advised by the Board of Directors (the "Board"), which is comprised of a number of State officials, or their designees, and gubernatorial appointees. *Id.* § 37.203(a). You ask several questions related to the authority of the Center's Board.[2]

You first ask whether the Board has "jurisdiction under the Education Code to approve or disapprove" the Center's budget. Request Letter at 2. Subsection 37.215(a) of the Education Code expressly states, "[t]he board shall annually approve a budget for the center." TEX. EDUC. CODE ANN. § 37.215(a) (Vernon 2006). Use of the word "shall" imposes a duty on the Board and is generally construed as mandatory, "unless legislative intent suggests otherwise." *City of Austin v. Sw. Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002); *see also* TEX. GOV'T CODE ANN. § 311.016(2) (Vernon 2005) (explaining that "'[s]hall' imposes a duty"). We find no contrary legislative intent and thus conclude that under the plain language of the statute the Board must approve a budget each year for the Center.

However, while section 37.215(a) does not expressly state that the Board also has the authority to disapprove a particular budget, neither does the section suggest that the Board must approve any specific budget submitted to it. If the Board were required to approve any proposed budget, the approval requirement would be meaningless, and we assume the Legislature did not enact

---

[1]Prior to 2001, the Center existed "as a grant-funded organization within the Criminal Justice Division of the Office of the Governor." SENATE COMM. ON PUBLIC EDUC., BILL ANALYSIS, Tex. S.B. 430, 77th Leg., R.S. (2001).

[2]Request Letter at 2 (*available at* http://www.texasattorneygeneral.gov).

a meaningless statute. *Webb County Appraisal Dist. v. New Laredo Hotel, Inc.*, 792 S.W.2d 952, 954 (Tex. 1990). In addition, Texas attorneys general have addressed budget approval statutes governing other entities and have found implicit authority for those entities to disapprove budgets subject to their approval. *See, e.g.*, Tex. Att'y Gen. Op. Nos. JM-79 (1983) at 3, MW-15 (1979) at 2, H-908 (1976) at 3. For example, in Attorney General Opinion JM-79, the statute at issue required an administrator of a hospital district to "prepare an annual budget which shall be . . . presented to the Commissioners Court for final approval." Tex. Att'y Gen. Op. No. JM-79 (1983) at 1, 3. That opinion concluded that based on the language in the statute the commissioners court was "empowered to reject any budget submitted." *Id.* at 3; *cf. Comm'rs Court of Hays County v. Dist. Judge*, 506 S.W.2d 630, 635 (Tex. Civ. App.—Austin 1974, writ ref'd n.r.e.) (concluding that, because a separate statute required a specific budget allocation, a commissioners court could reject a submitted budget only if it was so unreasonable, arbitrary or capricious to amount to an abuse of discretion). Similarly, in Attorney General Opinion H-908, where a statute required that salaries of assistant prosecuting attorneys be "fixed by the prosecuting attorney, subject to the approval of the commissioners court," the opinion concluded that "[t]he commissioners may disapprove the salaries, and therefore can be said to have veto power over that part of the district attorney's budget." Tex. Att'y Gen. Op. No. H-908 (1976) at 3; *see also* Tex. Att'y Gen. Op. No. DM-132 (1992) at 4, 6 (explaining that a principal's statutory authority to "approve all teacher and staff appointments" was "more like a veto power"). We believe the Board similarly has veto power over the Center's budget. Thus, we conclude that the Board is authorized either to approve or disapprove a particular budget submitted to it, as long as it ultimately approves a budget each year.

Your second and third questions ask whether the Board has jurisdiction to "advise the Texas School Safety Center," specifically with regard to the budget and the organization and design of the Center, and to "approve budgets for programs not required under the Education Code." Request Letter at 2.

Under the plain language of the statute, the Legislature has given the Board general authority to advise the Center. TEX. EDUC. CODE ANN. § 37.203(a) (Vernon Supp. 2009) ("The center is advised by a board of directors . . . ."). The Legislature has not otherwise limited the subject matter of the advice that the Board may offer. We therefore conclude that the Board may offer advice to the Center, including advice concerning the budget and the organization and design of the Center.

Whether the Board may approve budgets for programs not required under the Education Code, however, is a separate question that requires further analysis of the Center's authority under the statute. The Center is a creation of the Legislature, and as such it has only the powers conferred on it, expressly or impliedly, by the Legislature. *State v. Jackson*, 376 S.W.2d 341, 344 (Tex. 1964); *see also Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192–93 (Tex. 2007) (explaining that a state agency's powers are limited to those expressly conferred or implied and reasonably necessary to carry out the express responsibilities given to it by the Legislature). The Legislature's purpose for the Center is "to serve as: (1) a central location for school safety and security information . . .; (2) a central registry of persons providing school safety and security consulting services in the state; and (3) a resource for the prevention of youth violence and the promotion of safety in the state." TEX. EDUC. CODE ANN. § 37.202 (Vernon Supp. 2009). To those

ends, the Legislature has dictated specific responsibilities that the Center shall perform, including conducting a safety training program for school districts, developing "security criteria that school districts may consider in the design of instructional facilities," and developing a "model safety and security audit procedure for use by school districts and public junior college districts." *Id.* §§ 37.205, .2051 (Vernon 2006), 37.207 (Vernon Supp. 2009); *see also id.* §§ 37.209–.213 (Vernon Supp. 2009) (outlining additional responsibilities of the Center). Thus, the Center is limited to furthering these statutorily prescribed purposes and responsibilities. By implication, the Board is likewise limited to approving budgets for only those programs that are in furtherance of the Center's legislatively prescribed purposes and responsibilities and that fall within the Center's express or necessarily implied powers.

In your final question, you ask whether "the Board [has] liability for the funds approved for the operation of the Texas School Safety Center." Request Letter at 2. You do not specify whether you are concerned with the liability of individual Board members or the Board's liability as a governmental entity, nor do you explain the specific basis of liability that concerns you. Without additional information, we cannot provide an answer to this question. We also note that whether individual members of the Board could be held liable in a particular instance, and whether the Board itself could be held liable, would depend on factual determinations that generally cannot be resolved in the opinion process. *See* Tex. Att'y Gen. Op. No. GA-0115 (2003) at 2 (explaining that "we cannot determine in any particular instance whether the elements of a defense of official immunity have been met").

## S U M M A R Y

The Board of the Texas School Safety Center is authorized to either approve or disapprove a particular budget submitted to it by the Center, as long as it ultimately approves a budget annually as required by the Legislature.

The Board may offer advice to the Center, including advice concerning the organization and design of the Center.

The Board is limited to approving budgets for only those programs that are in furtherance of the Center's legislatively prescribed purposes and responsibilities and that fall within the Center's express or necessarily implied powers.

Whether individual members of the Board could be held liable for funds approved for the operation of the Center, and whether the Board itself could be held liable, would depend on factual determinations that cannot be resolved in the opinion process.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

ANDREW WEBER
First Assistant Attorney General

JONATHAN K. FRELS
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Virginia K. Hoelscher
Assistant Attorney General, Opinion Committee